SAMUEL W. HEALD, Appellee, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Telegraph companies: PLEADING: EVIDENCE. Proof of service of
1 notice of claim for damages, as provided in Code Section 2164, because of a failure to properly deliver a telegram is inadmis-

sible under a petition which does not allege service of such notice.

**Instruction:** PREPONDERANCE OF EVIDENCE. Where a greater number of witnesses testified in favor of one party than the other, an instruction defining a preponderance of the evidence as that of the greater weight, and "necessarily the greater number of witnesses," was misleading.

**Motion in arrest of judgment.** In an action for delay in delivering a telegram, where the petition failed to allege service of notice of the claim as required by Code Section 2164, a motion in arrest of judgment for plaintiff, based on such failure, should have been sustained in the absence of an offer to amend the petition in accordance with proof of service of the notice which had been improperly admitted.

*Appeal from Cedar District Court.*— HON. W. G. THOMPSON, Judge.

THURSDAY, JANUARY 11, 1906.

ACTION to recover damages for failing to properly deliver a telegram. Trial to jury, and verdict and judgment in favor of plaintiff. Defendant appeals.— *Reversed.*

*Walsh Bros.* and *Geo. H. Fearsons,* for appellant.

*Wright, Leach & Wright,* for appellee.

BISHOP, J.— I.   The petition filed by plaintiff did not allege the service of notice of claim for damages within sixty days from the date on which the alleged cause of action arose, September 6, 1903, as required by Code, section 2164. The answer was a general denial. On the trial plaintiff offered in evidence a notice in writing of claim for damages, with return indorsed thereon showing service on the defendant as of date November 4, 1903. To this the defendant objected as incompetent, immaterial, and not within the issues. The objection was overruled, and the notice admitted. This was error, The defendant was in court to

answer to the matters pleaded in the petition, and nothing more. *Edgerly v. Insurance Co.,* 43 Iowa, 587.

II. Among other instructions given by the court on its own motion was the following: " The burden of proof is on the plaintiff, and before you will be warranted in finding a verdict (in his favor) he must satisfy you by a fair preponderance of the evidence, etc. By a preponderance of the evidence is meant the greater weight or value of the same, *and necessarily the greater number of witnesses.*" The italics are ours. That the instruction was erroneous cannot be doubted. Such is conceded by counsel for appellee. It is probable that some word or words were omitted by accident or oversight, but, however this may be, we cannot say that the jury were not misled, especially as six witnesses testified in favor of plaintiff and but three in favor of defendant. *Kinyon v. Railway,* 118 Iowa, 349.

III. After verdict the defendant filed a motion in arrest of judgment; one of the grounds being that the averments of the petition did not entitle plaintiff to any relief, for that there was no allegation of preliminary service of notice upon the defendant, as required by law. Such motion was overruled. As the evidence in respect of the notice served was improperly in the record, and as plaintiff did not offer to amend his pleading, as he might well have done, under the provisions of Code, section 3760, the motion should have been sustained. *Albers v. Telegraph Co.,* 98 Iowa, 51; *Decatur v. Simpson,* 115 Iowa, 349.

For the errors pointed out, the judgment must be reversed, and a new trial awarded.

*Reversed.*