HENRY W. CORKRAN AND WILLIAM J. MELONEY, PART-
NERS, TRADING AS CORKRAN & MELONEY, APPEL-
LEES, v. HENRY RUTTER, APPELLANT.

Submitted March 19, 1908—Decided June 8, 1908.

Books of account made up in the usual course of business in part
from written reports of work done and materials used, are com-
petent evidence, with or without the reports themselves, to prove
claims for materials and labor. *Diament* v. *Colloty,* 37 *Vroom*
295, distinguished.

On appeal from the District Court of Atlantic City.

Before Justices REED, PARKER and VOORHEES.

For the appellant, *Ulysses G. Styron.*

For the appellees, *Eli H. Chandler.*

The opinion of the court was delivered by

PARKER, J. The sole question raised in this case relates
to the admissibility of the shop books of the plaintiffs as evi-
dence in their favor.

The plaintiffs are iron workers and were employed by the
defendant to do some repairing of an elevator and also boilers
and heating plant upon his property in Atlantic City. This
action was brought for the collection of their bill for work
done and material supplied in connection with the repairs.
Upon the trial William Meloney, one of the plaintiffs, pro-
duced their books of accounts and testified that he "checked
up the original time sheets and entered them in the day-book
personally; bills are made from that;" and that the day-
book which he produced was in his handwriting. Two books,
one of which was evidently the day-book, were then offered.
It does not appear what the other book was, but presumably
it was the ledger, offered in compliance with the rule in

*Bonnell* v. *Mawha,* 8 *Vroom* 198.   No question was raised
on this score, but objection was made to the books generally
"as not being a primary statement of the account, and incom-
petent to show what a correct statement is, from the fact
that it is made up from statements made by some one else and
entered by the witness." This objection was overruled, the
books admitted and an exception sealed. The witness then
went on to testify without further objection as to the items
of the account in the day-book, which agreed with the state
of demand, and for the total of which, less one unimportant
deduction, judgment was afterwards entered by the court. .

From the cross-examination of this witness and from other
testimony afterwards given in the case it appeared that,
according to the system in use by plaintiffs, every workman
employed by them was furnished with blank forms to fill
out and sign, showing where he worked, what work he did
and what materials were used, the time consumed and the
name of the workman, and that each man made out his own
blank, apparently every day. No amounts of money were
entered on these blanks, but they were turned over to the
foreman who turned them in at the office, and from these
blanks, so filled out and copied, the day-book entries were
made immediately, usually on the same day.

A number of the time sheets were offered in evidence dur-
ing the course of the trial and received without objection.
Those introduced relate to the services of two workmen, and
cover only part of the time charged on the books. For the
rest of the time, some one hundred hours or more, no time
sheets were introduced, but it appeared that two other men
worked on the job with these two for at least part of the time.

There was no motion to nonsuit and no evidence for the
defendant except a denial of having admitted the correctness
of the bill rendered. Defendant's attorney then asked an
opening for plaintiffs on the question of extra charge for
overtime, not raised here, and whether plaintiffs were entitled
to any more hours than they had proven by their slips; and
rests this appeal on the claim that the books are not competent
evidence, or, if competent, only in connection with the time

sheets and that the court had no right to find for plaintiffs in any amount in excess of that shown on the time sheets.

From the foregoing statement of facts it will be seen that the system of keeping accounts pursued by plaintiffs below was substantially identical with that considered in *Diament* v. *Colloty,* 37 *Vroom* 295; though in that case the objection of defendant was to the admission of the slips as well as to the books. The court there held that the day-book was competent evidence, though the entries were not made till over twenty days after completion of the entire work; and that the slips would not have been competent without the day-book. It was not intimated by the court that the day-book would not have been competent without the slips; but the argument that all—day-book, ledger and slips—were competent when all were admitted in evidence, is directed, as we read the opinion, to the competency of the slips, and not to their necessity as a foundation for or adjunct to the day-book.

We think it clear that if no slips at all had been used these books would be entirely competent under a system of workmen reporting orally to the bookkeeper the number of hours consumed and material used. Business could not go on unless the employer could rely on the statements of employes in such matters; and every book account in a business of any magnitude is necessarily made up in large measure of entries based on reports of employes. The system of making such reports in writing has the manifest advantages among many of keeping a check on the workmen, avoiding disputes between them and the employer by making a permanent record of the work, and facilitating the work of the office clerks. But we fail to see that the adoption of such a system requires the production and offer of the slips as imparting any competency to the books or limiting their availability as evidence. No doubt the existence of slips to support part of a book account and the absence of any to support the rest of it, all entries being under one system, might tend to impeach the value of the book account as evidence; but this goes to weight and not to competency. So does an

erroneous charge appearing among others. *Rodenbough* v. *Rosebury*, 4 *Zab.* 491. And the court, sitting without jury, was bound to give, and presumably did give, due consideration to this absence of slips representing a large part of the claim, but its judgment on the facts is not under review here, and if it were, we could not say that in view of the uncontradicted testimony as to work done by other workmen, the mere absence of slips signed by them should be sufficient to defeat the claim as to all items not supported by slips.

The books were properly admitted as original evidence without the slips. The judgment will therefore be affirmed.