J. N. JONES v. GENERAL CONSTRUCTION CO., Appellant.

**Construction contracts:** EXTRA WORK. The requirements of a written contract for the performance of work do not apply to extra work done under an independent oral agreement.

**Same:** EVIDENCE: BOOKS OF ORIGINAL ENTRY. Where the proper foundation has been laid timebooks are admissible in proof of the amount of work done, as books of original entry.

**Same:** STATUTE OF FRAUDS. An agreement by which a contractor relieves himself from liability to a subcontractor, and secures the advantage of completion of the work simply, is not a contract required to be in writing.

**Payment:** INSTRUCTIONS: EVIDENCE: BURDEN OF PROOF. Where, as in this case, vouchers were relied upon as a conclusive settlement by defendant, an instruction that a receipt in full indorsed thereon did not in law make it payment in full, unless so considered by the parties, and in determining that question the jury should consider the surrounding circumstances, was not erroneous, when accompanied by the further instruction that the vouchers so endorsed would be sufficient evidence of the correctness of the facts recited therein unless expressly contradicted by a preponderance of the evidence, and also that the burden of proof to show that the same were not intended as final settlement was upon plaintiff.

**Appeal:** BRIEF: ARGUMENT: SUFFICIENCY. Where the appellant's brief fails to contain a concise statement of the facts so as to present the errors and exceptions relied upon, and there is no brief of separately numbered propositions referring to the errors, but it simply calls attention to portions of the record and to certain

propositions of law, not, however, bringing either to bear on the alleged error for which a reversal is sought, it is not in compliance with the Supreme Court rules.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

FRIDAY, FEBRUARY 10, 1911.

ACTION to recover compensation for work and labor rendered and performed for defendant under an oral contract. On trial to a jury, there was a verdict for plaintiff, and from judgment on this verdict defendant appeals. *Affirmed.*

*Hamilton & Hamilton,* for appellant.

*John P. Hornish* and *D. E. Miller,* for appellee.

McCLAIN, J.—By a written contract with the Atchison, Topeka & Santa Fe Railway Company the defendant undertook in writing to construct a second line of track upon the right of way, and along and parallel with the existing line of track of said railway for a certain distance in Iowa and Missouri, and by a similar written contract the defendant sublet a portion of the work to the firm of Rankin & Willard, which firm again sublet by similar written contract a certain portion of said work to this plaintiff. When the work which plaintiff had undertaken to perform for Rankin & Willard was partly completed, that firm became insolvent, and, on consultation between plaintiff and the officers of the defendant, it was orally agreed that the work should be completed by plaintiff on terms specified between them, and that defendant would pay to plaintiff whatever was due him and unpaid under his contract with Rankin & Willard. This action is brought

to recover sums claimed to be due under this oral contract for work done for Rankin & Willard as well as for work done after the oral contract was made.

I.   A part of the work done by plaintiff was so-called "extra work" or "force account," work outside of the specified provisions of the written contract. But the contracts themselves provided for such extras, and it is not contended that any of the work done was not such as was contemplated by the contract. The contention of the appellant here is that under the terms of the written contracts this extra work should have been approved by the engineer of the railway company as a condition precedent to the right to maintain an action therefor. But, as already indicated, much of the work was done under an oral contract without reference to the terms and conditions of the written contracts, and the requirement of the written contracts that there should be a special approval or allowance by the engineer of the railway company had no application. As we understand the record, there is no contention that the work was not in fact done, or that the prices charged therefor were not in fact the prices at which it was agreed the work should be done.

1. CONSTRUCTION CONTRACTS: extra work.

II.   There is some contention that certain timebooks offered by plaintiff to prove the amount of work done for which he was entitled to compensation were not admissible as books of original entry. We see no force in this objection, for plaintiff testified that he kept a timebook in which he made the entries as the work progressed, and that such entries were true. However this may be, certain exhibits offered for defendant seemed to show the performance of the same work, and it is not therefore open to the defendant to say that it was not proven.

2. SAME: evidence: books of original entry.

The assumption by defendant of the indebtedness of Rankin & Willard to plaintiff for work done under his

subcontract is questioned upon the theory that under the statute of frauds (Code, section 4625), de-

**3. SAME: statute of frauds.**

fendant was not bound, as parol evidence was not admissible to establish defendant's promise to answer to plaintiff for the debt of Rankin & Willard. But by the written contract between the defendant and Rankin & Willard the defendant was entitled to retain from the sums which might become due to that firm any obligations incurred to subcontractors, and if, in order to secure a continuance of the work by plaintiff after its abandonment by Rankin & Willard, the defendant undertook to pay plaintiff, not only the amount which should become due for future work, but also the amount already due him from Rankin & Willard for work performed under his contract with them, such agreement was not an agreement to pay the debt of another, but an agreement by which defendant relieved itself from liability to Rankin & Willard, and secured the advantage of the completion of the work. It is clear that such a contract was not within the statute of frauds.

III. Certain estimates or vouchers were relied upon by defendant as conclusive settlement between it and the plaintiff, and it complains of an instruction in which the jury was told that the indorsement of a re-

**4. PAYMENT: instructions: evidence: burden of proof.**

ceipt in full on an estimate or voucher did not in law make it a payment in full unless the person receiving the same so considered it, and that in determining whether or not plaintiff considered the amounts paid to him as payments in full of estimates, the jury should take into consideration the circumstances connected with such settlements or payments, what was said and done and written by the plaintiff and defendant concerning the same, and all other matters in evidence to assist them. But, in addition to this, the court instructed the jury that the receipts and vouchers indorsed by plaintiff would be sufficient evidence of the correctness

of the facts stated therein, unless expressly contradicted by a preponderance of the evidence, and that the burden of proof to show that the receipts were not intended as final and conclusive settlements in the amounts therein stated was upon the plaintiff. Taking the instructions as a whole, we find no error.

The argument for appellant does not comply with the rules of this court. While it assigns in a brief way errors relied upon for reversal, there is no concise statement of so much of the facts as to present the errors and exceptions relied upon, nor is there any brief of separately numbered propositions or points referring to the errors relied upon for reversal. There is a general argument which has no reference to the specific points of error set out. This argument calls attention to certain portions of the record and to certain propositions of law, but does not bring either to bear on the alleged errors for which a reversal is asked. We have discussed the principal points made in a general way in the argument without finding that any errors in the actions of the court have been made to appear.

5. APPEAL:
briefs:
argument:
sufficiency.

The judgment of the trial court is therefore *affirmed*.