THE CITY OF ST. JOSEPH.

(Circuit Court of Appeals, Eighth Circuit. April 21, 1912.)

No. 3,824.

EVIDENCE (§ 354*)—BOOKS OF ACCOUNT—ORIGINAL ENTRY.

In making repairs on a steamboat, the foremen of the different gangs of workmen each day entered on a blackboard or slate the items of the day's material and labor, or kept them by written memoranda which they submitted to the contractor's bookkeepers, who testified that at the close of each day they transcribed the items from the blackboard, slate, or memoranda into the books, when the blackboard and slate were cleaned for the next day's entries, and the memoranda returned to the foreman or discarded. Generally the items of materials were put on the blackboard or slate, and the time of the workmen in time books which were not preserved. The foremen testified that their daily entries and reports were correct, and the bookkeepers that they were correctly transcribed into the books. The account as originally kept contained some false items, but these were fully purged before the proceeding was begun. *Held* that, the entries in the books having been substantially contemporaneous with the facts to which they related and the facts having been established by oral proof, the books were admissible, and not subject to an objection that they were not books of original entry.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Libel in admiralty by M. E. West, trustee in bankruptcy of certain contractors, against the steamboat City of St. Joseph, to recover

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for repairs. From a decree for libelant, the Planters' Packet Company appeals. Affirmed.

Allen Hughes, of Memphis, Tenn., for appellant.

John I. Moore, W. R. Satterfield, J. M. Vineyard, R. B. Campbell, Edwin Bevens, and Leo J. Mundt, all of Helena, Ark., for appellee.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. This is an appeal from a decree for a balance due contractors for the repair of a steamboat. The contractors became bankrupt, and the libel in admiralty was filed by the trustee in bankruptcy. The appellant, the owner of the vessel, contends that the book account of the work was dishonestly kept, in that it was padded with false items, that the books of the contractors which were received in evidence were not books of original entries, and, generally, that the proof was insufficient to establish the demand.

It is true that the account as originally kept contained some false items; but we think it was fully purged of them before the proceeding was begun. That there were others was affirmatively disproved by the evidence. The verity of the book account was established by the testimony of the foremen who had charge of the different gangs of men engaged on the work and the bookkeepers who made the entries in the books. The former testified that each day they entered upon a blackboard or slate the items of the day's material and labor, or kept them by written memoranda which they submitted to the bookkeepers. The latter testified that at the close of each day they transcribed the items from the blackboard, slate, or memoranda into the books, and when that was done the blackboard and slate were cleaned for the next day's entries, and the memoranda returned to the foremen or discarded. Generally the items of materials were put on the blackboard or slate, and the time of the workmen in time books, which were not preserved. The foremen testified that their daily entries and reports were true and correct, and the bookkeepers testified that they were correctly transferred to the books. The entire account sued upon was covered by the testimony in that way.

We think the books were properly received in evidence, and that there was ample proof of the demand. To be of practical value in the administration of justice, rules of evidence relating to the business affairs of men should take account of their usages and customs. The course pursued by the contractors in obtaining the items for entry in their books is not unusual in such work. Some method of transfer of information as to the material and labor from the scene of the work to the office was necessary. The one adopted was natural, efficient, and practical, and the entries in the books were in due course of the business and conformed sufficiently to the times of their occurrence. The entries were substantially contemporaneous with the facts to which they relate, and, besides, their accuracy was established by oral proof.

The decree is affirmed.