# Hub Machine, Welding & Contracting Co. *v.* Loux, Appellant.

*Evidence—Compensation for employees' time—Time slips—Oral evidence.*

In an action of assumpsit on a book account for repairs to automobile trucks, where the defendants offer evidence that the time charged in the book account for the repairs was excessive, the plaintiff may be permitted to offer in evidence time slips made by the workmen soon after the daily work was done, and show that such slips were signed by the respective workmen, examined and approved by the foreman, and that the time stated in the slips was actually consumed in the execution of the work.

Argued Oct. 17, 1916. Appeal, No. 405, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1913, on verdict for plaintiff in case of Hub Machine, Welding & Contracting Co. v. Franklin W. Loux and Eugene C. Loux, trading as Loux Sons. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a book account for repairs to automobile trucks. Before SHOEMAKER, J.

At the trial the defendants produced testimony tending to show that the time charged in the book accounts for the repairs claimed was exorbitant and excessive.

The court admitted under objection and exception a number of time slips, one of which was as follows:

598 HUB MACHINE, W. & C. CO. *v.* LOUX, Appellant.

Statement of Facts—Opinion of the Court. [65 Pa. Superior Ct.

TIME SLIPS.

The Hub Machine, Welding & Contracting Co.
22nd & Race Streets, Philadelphia.

Philadelphia, 9-5-1913

Job No. 14208                                           For Loux & Son

State Nature of Work                    To fix wheel & Repair engine

Material used     1 gal. gas.     2 Gal. oil

Hours 4.50

Job No. 14216                      *         . .        For Loux & Son

State Nature of Work                    To puting in new crank bearing

Material used     ·I gal. gas.'

Hours 5

Job No.                                                 For

State Nature of Work

Material used                                           Hours     ,

Workman's Name     M. H. Jerome

Total Hours   9.50

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $531.44. Defendant appealed.

*Errors assigned,* among others, were in admitting the time slips, and portions of the charge.

*Thomas Boylan,* with him *James B. McGrane,* for appellant.

*E. W. Kirby,* of *Morris & Kirby,* for appellee.

Opinion by Henderson, J., March 13, 1917:

The plaintiff established a prima facie case by its book account to which the defendants replied. A part of the defense related to the time consumed by the plaintiff's employees in performing the work compensation for which comprised a large part of the claim. In rebuttal

the plaintiff offered the time slips made by the several workmen who had been employed on the different jobs for the defendants and the admission of this evidence is made the subject of the first assignment of error. These slips were made daily soon after the work was done, were signed by the respective workmen and were examined and approved by the foreman who also testified that the time stated in the slips was actually consumed in the execution of the work. That they were corroborative of the book accounts and the oral evidence and tended to rebut the testimony of the defendant we consider clear. The slips were the first memoranda of the time spent in the work and were the basis of the book accounts. Supported as they were with respect to their accuracy by the oral evidence they supplemented the book accounts and contradicted the defendant's evidence as to the time reasonably necessary to do the work. They were evidence of the same character as that sustained in Mellott v. Mellott, 55 Pa. Superior Ct. 614. The plaintiff's case did not depend on the introduction of the time slips but they were useful memoranda with which in connection with the parol evidence to confirm the accuracy of the book accounts.

The second and third assignments which relate to the charge of the court are not sustained. Taking the charge as a whole it presented the case fairly to the jury. The question was one of fact purely and the jury was given uncontrolled opportunity to render a verdict according to the facts as they might find them.

Judgment affirmed.