(April 16, 1921.)

STATE, Respondent, v. FRANK M. BRASSFIELD, Appellant.

[197 Pac. 559.]

EVIDENCE — COMPARISON OF WRITINGS — TIME-BOOKS AS BOOKS OF ORIGINAL ENTRY—FOUNDATION FOR INTRODUCTION—ALTERATION— REVERSIBLE ERROR.

1. In a criminal prosecution the state. cannot introduce in evidence, for use as a standard for comparison with a signature claimed to have been made by the defendant, checks which were drawn by a witness in favor of the defendant and which were subsequently returned to the witness with the purported signature of the defendant indorsed thereon, where it appears that the witness has never seen the defendant write, and that he has no knowledge of the defendant's signature other than the fact that his name purported to be indorsed on the checks when they were returned to the witness from the bank.

2. Before a specimen of handwriting is admissible in evidence as a standard of comparison, its genuineness must be admitted or shown by clear and undoubted testimony.

3. Regular entries in the due course of business are admitted as exceptions to the hearsay rule, but in order to bring such entries within the exception, a practical necessity must

1. Proof of facsimile signatures by comparison, see note in **Ann. Cas.** 1912B, 417.

appear for their introduction and a substantial guaranty that the transactions actually took place as recorded.

4. A book of entries manifestly erased or altered in a material particular is not entitled to go to the jury as evidence in the absence of a satisfactory explanation of such alteration.

5. Where a bookkeeper is unable to vouch for the correctness of an entry upon a time-book, or of the time-slip from which it was made, and had no personal knowledge of the facts in the first instance, and it was not shown that she obtained such knowledge from an authentic report made to her in the regular course of business, and where no explanation was given of a manifest alteration upon the face of the time-book sheet nor of an apparent discrepancy in the amount of wages paid, and no proof has been made of the loss of the original slip, nor that better evidence was not obtainable, nor that the disputed entry upon the time-slip was made by the witness whose testimony is sought to be impeached thereby or by some other person, the admission of a sheet from such time-book bearing such entry constitutes reversible error, no proper foundation having been laid therefor.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Appellant was convicted of the crime of grand larceny. *Reversed and remanded.*

Perky & Brinck, for Appellant.

Book entries as original evidence are incompetent evidence, unless the entrant is unavailable as a witness (Wigmore on Evidence, secs. 1517–1561), unless under the "shop-book rule" applicable only in actions based on book accounts. Book entries are otherwise admissible only when refreshing recollection of witness, or known by witness to have been correct when made. (Wigmore on Evidence, sec. 747; *Comer v. Nelson*, 28 Misc. Rep. 793, 59 N. Y. Supp. 184.) The witness must have had personal knowl-

5. Admissibility in evidence of time-books and pay-rolls, see note in 125 Am. St. 849.

edge of the facts in the first instance. (Wigmore on Evidence, sec. 747; n. 8; *Carlton v. Carey,* 83 Minn. 232, 86 N. W. 85.)

Aside from statute, exemplars for comparing handwriting cannot be admitted, unless otherwise material in the case. (*State v. Seymour,* 10 Ida. 699, 712, 79 Pac. 825.) Our statute as to exemplars authorizes their admission in evidence only when the genuineness of the writing is the matter in issue. (C. S., sec. 7971.) Before exemplars can be admitted, their genuineness must be so clearly proven that they can be said as a matter of law to be genuine. The proof must be conclusive. (*Costello v. Crowell,* 133 Mass. 352; *State v. McGuff,* 104 Wash. 501, 177 Pac. 316; *Shannon v. Castner,* 21 Pa. Super. Ct. 294.)

Where the exemplar is an indorsement on the back of a check, and there is no evidence that the payee made the indorsement, genuineness is not sufficiently proven. (*Mississippi Lumber & Coal Co. v. Kelly,* 19 S. D. 577, 9 Ann. Cas. 449, 104 N. W. 265.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

It is not necessary that witness have personal knowledge in the first instance of the facts set out in book entries. (Chamberlayne, Mod. Evid., secs. 3071, 3973, 3144, 2884, p. 4008 (administrative expedients), 2887; Jones, Com. Evidence, sec. 321, at pp. 747, 748; Wigmore on Evid., sec. 1521, p. 1889, secs. 152, 738.)

Book entries are admissible for purpose of refreshing recollection of witness when made in regular course of business, even where witness does not have an independent recollection as to dates thereon. (*Morrow v. State.* 56 Tex. Cr. 519, 120 S. W. 491; Chamberlayne, Mod. Evid., sec. 3061; *Costello v. Crowell,* 133 Mass. 352.)

Exemplars are competent evidence for the purposes of comparing handwriting. (*State v. Seymour,* 10 Ida. 699, 713, 79 Pac. 825; *Bane v. Gwinn,* 7 Ida. 439, 63 Pac. 634;

*State v. Bogris,* 26 Ida. 587, 594, 144 Pac. 789; Greenleaf on Evidence, sec. 581.) Exemplars are admissible upon proof of genuineness. (Sec. 7971, C. S.) Proof sufficient for admission is knowledge gained in the course of business. (Jones, Com. Evid., sec. 366; Chamberlayne, Mod. Evid., secs. 2203, 2209, 2211; Greenleaf on Evid., sec. 577, p. 722.)

Where there is substantial evidence to support the verdict, the judgment based thereon will not be reversed on appeal. (*State v. Askew,* 32 Ida. 456, 184 Pac. 473; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *People v. Tom Woo,* 181 Cal. 315, 184 Pac. 389; *Wells v. State,* 16 Okl. Cr. 461, 184 Pac. 465.)

BUDGE, J.—Appellant was convicted of the crime of grand larceny. This appeal is from the judgment.

The record discloses that about January 17, 1917, one Chris Jensen, who was in charge of the Knudsen ranch at Eight Mile Creek, Ada county, discovered that four horses and two sets of harness in his charge, belonging to the firm of Morrison & Knudsen, were missing. On January 18th, he reported the loss to Morrison, who subsequently located the stolen property at Twin Falls, in the possession of Nick Smith, who on that day had purchased the horses and harnesses from a man representing himself to be Fred L. Brown, and gave his checks for $600 for the horses and for $70 for the harnesses. Appellant, who had formerly been an employee of Morrison & Knudsen, was identified by Nick Smith as the Fred L. Brown from whom he had purchased the horses and harnesses.

Of the numerous assignments of error, we shall consider but two, which are decisive of this appeal.

Assignment No. 2 involves the action of the trial court in admitting in evidence state's exhibits "F–1" to "F–6," as exemplars of the handwriting of appellant. These exhibits are checks which were given by Morrison & Knudsen to appellant, and purport to have been indorsed by him. They were introduced by the state to further identify

appellant as the same person who sold the horses and harnesses to Smith, and to whom Smith gave his checks for $600 and $70 under the name of Fred L. Brown. The state having introduced the two latter checks as state's exhibits "A" and "B," sought to prove by Morrison that the purported indorsements on exhibits "F–1" to "F–6" and those on exhibits "A" and "B" were all made by appellant.

While Morrison had seen appellant's alleged indorsements on the checks (state's exhibits "F–1" to "F–6") after they were returned from the bank, yet he had never seen appellant write. There was no evidence that appellant wrote the indorsements in question, and Morrison was able to testify only that the checks had been delivered to appellant by the company for labor, and that they had been returned to the company from the bank, bearing appellant's name indorsed thereon. Nevertheless, he was permitted to compare the indorsements upon state's exhibits "F–1" to "F–6" with those upon state's exhibits "A" and "B," and to testify that the latter were made by appellant.

We find no authorities which go to the extent of holding that the admission of such evidence is proper, and we think the correct rule is that in a criminal prosecution the state cannot introduce in evidence, for use as a standard for comparison with a signature claimed to have been made by the defendant, checks which were drawn by a witness in favor of the defendant and which were subsequently returned to the witness with the purported signature of the defendant indorsed thereon, where it appears that the witness has never seen the defendant write, and that he has no knowledge of the defendant's signature other than the fact that his name purported to be indorsed on the checks when they were returned to the witness from the bank. (*Mississippi Lumber & Coal Co. v. Kelly*, 19 S. D. 577, 9 Ann. Cas. 449, 104 N. W. 265.)

Our attention has been invited to C. S., sec. 7971, but in our opinion that section has no application to the facts in the present case. But even if the statute were appli-

cable, the state has failed to bring itself within the terms of the statute, for the reason that the genuineness of the signature upon state's exhibits "F–1" to "F–6" was neither admitted nor proven by any competent evidence. The rule is well settled that before a specimen of handwriting is admissible in evidence as a standard of comparison, its genuineness must be admitted or shown by clear and undoubted testimony. (*Bane v. Gwinn,* 7 Ida. 439, 63 Pac. 634; *State v. Seymour,* 10 Ida. 699, 79 Pac. 825; *State v. Bogris,* 26 Ida. 587, 144 Pac. 789; *State v. McGuff,* 104 Wash. 501, 177 Pac. 316; *Costello v. Crowell,* 133 Mass. 352.)

Assignment No. 1 predicates error upon the action of the court in admitting in evidence state's exhibit "I," being a page from a time-book of the American Laundry Company, for the reason that the exhibit was incompetent and hearsay, not being from a book of original entry.

It appears that the laundry maintained a mechanical time-clock, bearing a series of numbers, one of which was assigned to each employee; that each employee was required to punch his or her respective number upon the clock at the beginning and end of each day's duty; and that the fact and time of entering and leaving the laundry was thereby automatically recorded by the clock on a daily time-slip. The time-slip was thereafter removed and posted upon the time-book.

The original time-slips were not offered in evidence or accounted for. Whether they were destroyed or still in existence and could have been produced was not shown, and the bookkeeper, who was called to testify with reference to the exhibit, stated that if she ever had them she did not destroy them. The exhibit was offered and received for the purpose of impeaching one of defendant's principal witnesses, Mrs. Elizabeth Patton, who testified that appellant was at her home on the afternoon of January 17th and 18th, by showing that she was working at the laundry on the 17th and hence could not have seen appellant at her home on the afternoon of that day.

No attempt was made to prove by other employees of the laundry that Mrs. Patton was at the laundry on the 17th, although there were a number of employees working there on that date. Furthermore, the bookkeeper had no independent recollection of the entry upon the time-book, nor did she testify that it was a correct record of the original time-slip, or that the entry upon the time-slip, if such entry ever existed, was made by Mrs. Patton, or some other person, or that Mrs. Patton was in fact present at the laundry on the date in question.

While regular entries in the due course of business are admitted as exceptions to the hearsay rule (2 Wigmore on Evidence, c. 51, sec. 1517 et seq.), yet in order to bring entries within the exception there must appear a practical necessity for their introduction and a circumstantial guaranty that the transactions actually took place as recorded.

We think, under the authorities, that the original time-slips, although not bound in book form, were under modern rules receivable as books of original entry (*Emeny Auto Co. v. Neiderhauser,* 175 Iowa, 219, 157 N. W. 143; *Matson Nav. Co. v. United Engineering Works,* 213 Fed. 293, 129 C. C. A. 639; *Wisconsin Steel Co. v. Maryland Steel Co.,* 203 Fed. 403, 121 C. C. A. 507; *Hansen v. Ferree,* 195 Ill. App. 27; *Hub Machine etc. Co. v. Loux,* 65 Pa. Super. Ct. 597), and that books of account made up in the usual course of business in part from written reports of work done and materials used are competent evidence with or without the reports themselves to prove a claim for materials and labor (*Corkran v. Rutter,* 76 N. J. L. 375, 69 Atl. 954), where a proper foundation has been laid therefor.

It has been held that time-books are admissible as books of original entry where plaintiff testified that he made the entries as the work progressed and that such entries were true (*Jones v. General Const. Co.,* 150 Iowa, 194, 129 N. W. 830), and that the fact that some of the entries were made by the bookkeepers from temporary slips, furnished by other persons whose duty it was to make the same in the regular course of business, does not affect their character as original

entries. (*Levine v. Lancashire Ins. Co.*, 66 Minn. 138, 68 N. W. 855; *Paine v. Sherwood*, 21 Minn. 225; *Webb v. Michener*, 32 Minn. 48, 19 N. W. 82.)

In *Chan Kiu Sing v. Gordon*, 171 Cal. 28, 151 Pac. 657, the supreme court of California lays down the following rule upon this question:

"In order to lay the foundation for the admission of such evidence it must be shown that the books in question are books of account kept in the regular course of business; that the business is of a character in which it is proper or customary to keep such books; that the entries were either original entries or the first permanent entries of the transactions; that they were made at the time, or within reasonable proximity to the time, of the respective transactions; and that the person making them had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some other person employed in the business whose duty it was to make the same in the regular course of business. (1 Elliott on Evidence, secs. 458–463, inclusive; 2 Wigmore on Evidence, sec. 1554; 2 Jones on Evidence, sec. 322.) There are many decisions in this state holding that books of account, properly authenticated by preliminary proof, are admissible in evidence, but all of them recognize the proposition that there must be proof of the character above stated in order to render them admissible." (*Chandler v. Robinett*, 21 Cal. App. 333, 131 Pac. 891; *San Francisco Teaming Co. v. Gray*, 11 Cal. App. 314, 104 Pac. 999.)

The rule is also stated by the supreme court of Oklahoma, in *Navarre v. Honea*, 41 Okl. 480, 139 Pac. 310, in the following language:

"In the absence of a statute to the contrary, the general rule appears to have been, and to be that before books of account, produced by the entrant, are admissible as evidence, it must appear that the entrant had personal knowledge of the truth of the entries when he made them, and that they were correctly made by him, or, if made upon

information derived from another, it must appear that the information itself was true and correct."

In the case of *Itasca Cedar & Tie Co. v. McKinley*, 124 Minn. 183, 144 N. W. 768, it appeared that plaintiff's books of account were admitted in evidence. They were made up from reports · by inspectors. The reports were produced and verified on the stand by the persons who made them. These reports had been transcribed into plaintiff's regular books of account. The entries were made in the usual course of business and in the usual manner of books of account, and were amply verified. They, were held admissible, the court saying: "Where entries of this sort are verified by all persons who took any part in making them, they should be received in evidence." And see *City of St. Joseph*, 205 Fed. 284, 123 C. C. A. 448; *Afflick v. Streeter*, 136 Mo. App. 712, 119 S. W. 28; *Deitz v. McVey*, 77 W. Va. 601, 87 S. E. 926.

In *Wright v. Charbonneau*, 122 Ill. App. 52, the court said:

"Where one witness testifies that he knew the correctness of the details of weights or measurements or quantities, that he correctly furnished that information to another, and that other testifies that he received such information and correctly placed it on original books of entry, such books themselves become competent evidence."

While the supreme court of Michigan, in the case of *Swan v. Thurman*, 112 Mich. 416, 70 N. W. 1023, held that:

"Book entries of charges for goods against a customer, made by a bookkeeper who had no personal knowledge of the sale or delivery of the goods, but who made the entries from slips furnished by the salesmen in the store, are not rendered admissible in evidence to prove the account by the testimony of the bookkeeper alone."

The same rule appears to have been followed in *Atlas Shoe Co. v. Bloom*, 209 Mass. 563, 95 N. E. 952, but in the case of *Atchison etc. Ry. Co. v. Williams*, 38 Tex. Civ. 405, 86 S. W. 38, where the bookkeeper testified that his books were correctly kept, and that the weights and prices

shown in the account sales were correct, as shown by his books, an account sales taken from the books was held admissible.

Whatever contrariety of judicial opinion may exist as to whether entries made by one who had no personal knowledge of the truth of the entry when made, upon information derived from a report made by some other person, are admissible, yet we think that in the final analysis all the authorities recognize the proposition that such entries must be properly authenticated by preliminary proof. We think, therefore, that a proper foundation must be laid, in a criminal prosecution, for the admission in evidence of a time-book, the disputed entry upon which was made by a person having no personal knowledge of the matter stated, on information derived from a daily time-slip from a mechanical time-clock, by proof of the authenticity, correctness and regularity of the entry.

An inspection of the time-book sheet discloses an apparent alteration of the very entry in dispute. The attention of the bookkeeper was called to this alteration, but she was unable to give any explanation thereof, nor was such explanation given by any other witness. A book of entries manifestly erased, or altered in a material particular, cannot be considered as entitled to go to the jury, and must be rejected by the court, unless the party offering it gives an explanation which does away with the presumption arising from its face. (52 L. R. A. 574, c. 1, and cases there cited.)

Furthermore, although the time-book purports to show that Mrs. Patton worked at the laundry on the 15th, 16th and 17th, for which she was paid but $2.85, the evidence discloses that during the preceding week she worked four and a fraction days, for which she received $13.40, or an average of about $2.85 per day, and during the following week her wages for five and a fraction days was $11.05, or an average of about $2 per day. While her work was piece-work, that fact could scarcely account for so great a variation in pay.

Where, as in this case, a bookkeeper is unable to vouch for the correctness of an entry upon a time-book, or of the time-slip from which it was made, and had no personal knowledge of the facts in the first instance, and it was not shown that she obtained such knowledge from an authentic report made to her in the regular course of business, and where no explanation was given of a manifest alteration upon the face of the time-book sheet nor of an apparent discrepancy in the amount of wages paid, and no proof has been made of the loss of the original slip, nor that better evidence was not obtainable, nor that the disputed entry upon the time-slip was made by the witness whose testimony is sought to be impeached thereby or by some other person, the admission of a sheet from such time-book, bearing such entry, constitutes reversible error, no proper foundation having been laid therefor.

For these errors the judgment of the district court must be reversed. The cause is remanded, with instructions to the trial court to grant appellant a new trial.

Rice, C. J., and Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the opinion.