REYNOLDS & HEITSMAN, Appellees, v. JEFF J. HENRY, Appellant.

**ATTORNEY AND CLIENT:** Compensation—Wealth of Defendant.
1  In an action to recover the value of legal services rendered to the defendant's wife in contesting the defendant's action for divorce, the financial condition of the defendant may be shown, as bearing on the one narrow issue of the *extent of services* reasonably necessary in order to overcome the *extent of contest* which the defendant was able and willing to institute.

**TRIAL:** Objections—Faulty Hypothetical Question. An objection that
2  a hypothetical question improperly assumes a fact not shown by the record may be wholly disregarded, unless the particular fact which is improperly assumed is stated.

**EVIDENCE:** Opinion Evidence—Improper Cross-Examination. An ex-
3  pert witness who has testified to the value of legal services in defending an action for divorce on the ground of cruelty may not be cross-examined as to his opinion of the necessity to spend a stated time in such case in briefing the law on cruel and inhuman treatment.

**APPEAL AND ERROR:** Harmless Error—Exclusion of Question Non-
4  indicative of Answer. Principle reaffirmed that the exclusion of a question will not be denominated reversible error when the record does not in any manner indicate what the answer would have been, had the witness been permitted to answer.

**APPEAL AND ERROR:** Omnibus Assignment. An assignment to the
5  general effect that the trial court committed 20 different errors in overruling a 20-pointed motion for a new trial will be wholly disregarded.

**PLEADING:** Amendment After Verdict. Amendments after verdict
6  in order to conform pleadings to proof are allowable, especially when the belated pleading relates to formal matters.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

ACTION for attorneys' fees claimed to be due plaintiffs from defendant for services rendered defendant's wife in a divorce

action brought against her by defendant. Jury returned a verdict for plaintiffs. From judgment rendered thereon, defendant appeals.—*Affirmed.*

*L. T. Shangle* and *D. C. Waggoner,* for appellant.

*McCoy & McCoy,* for appellees.

FAVILLE, J.—In 1916, appellant's wife brought an action for divorce against him in the district court of Mahaska County, Iowa. In this action, appellant filed an answer and crossbill, asking for divorce against his wife on the grounds of cruel and inhuman treatment. In February following, the wife dismissed her action. The cause proceeded to trial on the appellant's cross-bill, and the court dismissed the same, leaving the parties *in statu quo.* The appellant's wife employed counsel to appear for her in the original suit brought by her, and said counsel were allowed attorneys' fees for said services rendered, which were paid by the appellant herein. The appellees were not her counsel in said matter. The wife employed the appellees in this cause as her attorneys to defend the appellant's action for divorce on his cross-bill, and this suit is brought by the appellees to recover from the appellant the reasonable value of the services so rendered appellant's wife in successfully defending appellant's suit for divorce on said cross-bill. It appeared that the wife was without means.

I. Upon the trial of this action, the appellees were permitted to offer testimony as to the value of the appellant's property at the time the divorce action was pending and tried. This

1. ATTORNEY AND
CLIENT: compensation: wealth
of defendant.

evidence was objected to as incompetent, irrelevant, and immaterial to any issue involved in the case.

*Clark v. Ellsworth,* 104 Iowa 442, was a case in which the situation was somewhat similar to the case at bar, and in said cause we said:

"And where the subject-matter of the litigation is of great importance to the litigants, and of a character to lead them to use every legitimate effort to succeed, the wealth of a party and his consequent ability to make a severe contest may be considered in connection with his disposition to do so, as tending

to show the importance and value of the services which the attorney for whose compensation he was responsible was required to render. * * * The district court, by its charge, required the jury not to take into consideration the wealth of the defendant nor his ability to pay for the services rendered by Clark to enhance the value of the services, but permitted the jury to consider it as an incident in ascertaining the importance and gravity of the interests involved in the litigation in which the services were rendered. We think this was correct, and not in conflict with what we decided on the former appeal.''

Unless we are to overrule *Clark v. Ellsworth*, the court did not err in admitting this testimony for the purpose stated. No instruction appears to have been given by the court on this specific question, nor does the record show that any instruction was requested. We adhere to the rule announced in the *Clark* case. We find no error in this ruling.

II. One of the appellees was asked if he knew the fair and reasonable compensation of an attorney for the services rendered by appellee firm in the preparation and defense of the cross-petition in the case referred to, in the county where the services were performed, and at the time that the services were rendered, and, having answered that he did know the value of such compensation, was permitted to state what, in his judgment, it was fairly and reasonably worth. There was no error in admitting this evidence, and the objection that the same was incompetent, immaterial, and irrelevant, and that there was no allegation in the petition to support the same, was properly overruled. See *Clark v. Ellsworth*, supra.

III. The appellees offered in evidence the testimony of several attorneys, who testified regarding the fair and reasonable value of the services of the appellees, as attorneys for appellant's wife, in defending the divorce action at the time and place where the services were rendered. This testimony was in answer to hypothetical questions. Error is assigned upon the overruling of appellant's objections to the hypothetical question propounded to these witnesses. The objection urged was that it was ''incompetent, immaterial, and irrelevant, and for the reason there are matters assumed in the hypothetical question which

2. TRIAL: objections: faulty hypothetical question.

are not in evidence, and which are not true, and no proper foundation is laid for the introduction of testimony as to the value of services." A motion to strike said evidence was subsequently made, predicated on the same grounds. It is now urged that the court erred in overruling this objection and motion.

The particular point stressed is that the hypothetical question propounded to these witnesses assumed certain matters that were not shown by the evidence. We think the objection urged is hypercritical. We have examined the hypothetical question, and think that the various matters assumed therein had substantial proof in the record to sustain them. But be this as it may, there was no error in overruling the objections that were interposed to said question. A party objecting to a long hypothetical question, involving, as such questions generally do, the assumption of a large number of facts, has no right to conceal his real objection by the camouflage that it is "immaterial, irrelevant, and incompetent, and assumes facts not shown by the record." The trial court is entitled to know with some degree of precision the exact objection that is being urged against such a question, and opposing counsel are also entitled to know the real basis of the objection, in order that the question may be rectified, if possible, in respect to the matters complained of.

In *Ranne v. Hodges*, 181 Iowa 162, we said:

"Hypothetical questions usually include several and sometimes a great number of facts, and it would be unfair to exact of the trial court an absolutely accurate comparison between those recited and the proof adduced. That is a matter to be attended by counsel. Certainly it is not too much to require that the party objecting shall know the ground on which he bases the objection, and enlighten the court concerning the particular defect in the question. *State v. Ginger,* 80 Iowa 574; *Allison v. Parkinson,* 108 Iowa 154; *Seckerson v. Sinclair,* (N. D.) 140 N. W. 239; *Prosser v. Montana Cent. R. Co.,* 17 Mont. 372 (30 L. R. A. 814); *Rivard v. Rivard,* 109 Mich. 98 (63 Am. St. 566); *Howland v. Oakland C. St. R. Co.,* 110 Cal. 513 (42 Pac. 983). Ordinarily, as was said in *Meeker v. Meeker,* 74 Iowa 352, opposing counsel will not be slow, in re-examination of the witness, to correct the hypothesis upon which the question

is based, if it be inaccurate, and, as said in *Hall v. Rankin,* 87 Iowa 261:

" 'Hypothetical questions need not be framed with technical accuracy; that an error as to one or more facts is not prejudicial, as the opposing party may, on cross-examination, show the error, if any there be.' The items referred to could readily have been eliminated by a question from counsel for proponents, and, as the court's attention was not directed thereto by specific objection nor in the cross-examination, we are of opinion that they are not in a situation to complain."

We have no desire to depart from the reasonable and salutary rules above announced. Furthermore, in the instant case, the court carefully and fully instructed the jury that, if it found that one or more of the assumptions as to the facts indulged in, in framing the hypothetical question, had not been established by the evidence, then the estimate or opinion given by the expert, based upon the hypothetical question, would be wholly destroyed and rejected.

There is no merit in the appellant's contention at this point.

IV. Error is predicated upon the following record: An attorney, as a witness for the appellees, testified to the value of the services rendered by the appellees. On cross-examination,

**3. EVIDENCE: opinion evidence: improper cross-examination.** the following question was propounded to him: "Now, do you think it was necessary, in this action for divorce, on the cross-petition of which you have testified, that the attorneys should spend a week briefing up the law on cruel and inhuman treatment on this cross-petition?"

The objection that it was not proper cross-examination was sustained.

There was no error in this ruling of which appellant can complain. A somewhat similar situation was before us in the case of *Kelly v. Incorporated Town of West Bend,* 101 Iowa 669, in which we said:

"Upon cross-examination of witness Grimm, appellant sought to show that the main question arising in the *Wheelock* case, to wit, want of statutory notice,—the action not having been commenced within six months,—could have been determined by demurrer. Objection was made to the question because it

was based upon an hypothesis that the evidence did not tend to establish. This witness was further asked, upon cross-examination, this question: 'You say that, if the whole matter could be decided upon an interlocutory question, that it would be quite unnecessary to prepare for trial, and have a brief upon the law and the facts?' Appellee objected, because not proper cross-examination, and assuming a state of facts not shown by the evidence. * * * The witness was interrogated upon his examination in chief as an expert, as to the value of appellee's services. No other question was propounded to him. It is clear that the first question propounded by appellant's counsel was not proper cross-examination. The second question assumed a state of facts not in evidence, and objection to it for that reason was properly sustained."

Furthermore, there was no offer whatever to indicate what the proposed testimony would be. The answer of the witness could have been either in the affirmative or the negative. We have repeatedly held that we will not reverse a case upon a ruling of this kind and send it back for a new trial, unless it is made to appear in some manner in the record what the answer of the witness would have been. So far as this record shows, if we should send the case back for a new trial, and the same situation develops, the answer of the witness might be in the affirmative. We will not reverse for alleged error in such a situation. *Arnold v. Livingstone*, 155 Iowa 601; *Porter v. Moles*, 151 Iowa 279; *Kuhn v. Gustafson*, 73 Iowa 633; *In re Estate of Workman*, 174 Iowa 222; *In re Will of Crissick*, 174 Iowa 397.

*4. APPEAL AND ERROR: harmless error: exclusion of question non-indicative of answer.*

V. The appellant filed a motion for a new trial of the case, based upon twenty different grounds. The seventeenth error relied upon for reversal is as follows:

"Court erred in overruling defendant's motion for a new trial, and as to each and every paragraph of said motion, each of the twenty paragraphs of said motion hereby being assigned as an error on the part of the court, relied on for a reversal."

*5. APPEAL AND ERROR: omnibus assignment.*

Following this, the said motion for a new trial is set out in the appellant's brief *in extenso*. We have repeatedly refused

to consider a numerous-pointed assignment of this character. In *In re Estate of Pauly,* 174 Iowa 122, we said:

"While formal assignments of error are no longer required, it remains true that an appeal in a law action brings the case to this court for no other purpose than the consideration of errors which the appellant alleges appear in the record of the proceedings below; and, unless such errors are in some manner pointed out and argued, there is nothing presented for our consideration. By Section 53 of our rules, it is required that, if counsel desires the court to pass upon any particular questions, he shall state in separate numbered propositions each error relied upon, with a brief and concise statement of facts presenting the alleged errors and exceptions. A single, general, sweeping assignment of error, including numerous rulings and exceptions, has always been held too vague and general to present any proposition for our decision. *Skeels v. Porter,* 165 Iowa 255; *Jones v. General Construction Co.,* 150 Iowa 194; *Boeck v. Modern Woodmen,* 162 Iowa 159, 160; *Dale v. Colfax Consolidated Coal Co.,* 131 Iowa 67, 74.''

See, also, *Wine v. Jones,* 183 Iowa 1166; *Riggs v. Hatfield,* 187 Iowa 685; *Pascoe v. Chicago, B. & Q. R. Co.,* 187 Iowa 987.

We have so frequently commented upon this rule that further discussion is unnecessary. If, in view of our repeated pronouncements regarding the manner of presenting appeals in this court, counsel will persist in continuing the practice disapproved by us, we have no other alternative than to uphold the precedent and enforce the rule. If counsel see fit to use a shotgun instead of a rifle, they must not complain if they fail to bag the game.

In the instant case, we feel warranted, however, in saying that an examination of the record fails to disclose any request by appellant for instructions regarding the subject-matter complained of. Furthermore, we have read with care the instructions given by the court, and find that the same fully, carefully, and correctly stated the law applicable to the case.

VI. After a verdict had been rendered in the cause, the court permitted appellees to amend their petition, to conform their pleadings to the proof offered in respect to certain tech-

6. PLEADING:
amendment after
verdict. nical matters which had been sustained by the proof. This matter was clearly within the discretion of the court, and we do not find that such discretion was in any way abused. The filing of the amendment was proper, and without prejudice to the appellant.

In *Halligan v. Keller*, 167 Iowa 72, we said:

"It should here be said that plaintiff's claim as to the mistake in the receipt was not pleaded until after verdict, when he was permitted to file a reply to the answer, in which he set up the facts substantially as he had testified to them. Error is assigned upon the allowance of this pleading, but we think it clearly within the court's discretion to permit the filing, thus making the pleadings conform to the evidence and to the theory of the trial."

The matters contained in the amendment to the petition had been supported by proof upon the trial, and were largely formal matters. It was clearly within the province of the court to permit the filing of the amendment to the petition, formally alleging these matters. *Gray v. Sanborn*, 178 Iowa 456; *Boyd v. Buick Automobile Co.*, 182 Iowa 306; *Cahill v. Illinois Cent. R. Co.*, 137 Iowa 577; *Heald v. Western Union Tel. Co.*, 129 Iowa 326; *Decatur v. Simpson*, 115 Iowa 348.

We find no error in the record that would justify a reversal of the case. The judgment appealed from is, therefore,— *Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.