Dow's Executor, Plaintiff in Error, v. Spenny's Executor et al., Defendants in Error.

1. In the execution of a promissory note a person may adopt and ratify the signing of his name by another.

2. In a suit on a promissory note in which the defendant sets up as a defence

that his name was forged by one of the joint makers, the defendant can not show, in support of his defence, that the alleged forger was a fine penman and had great skill in imitating the handwriting of others, so as to deceive even the person whose name he forged; nor can it be shown that such person had committed other forgeries.

3. Nor would it be competent for the plaintiff in such case to introduce in evidence papers known to be in the handwriting of the defendant in order that the jury might compare the signature upon the paper with that upon the note sued on.

### Error to Cooper Circuit Court.

*Douglass & Hayden*, for plaintiff in error.

I. The court erred in refusing the instructions asked by plaintiff. The liability of the defendant is placed in these instructions upon two grounds : 1st, ratification or adoption of the act of Norris in signing his name to the note ; 2d, fraud committed by Spenny in inducing the plaintiff to believe that his signature was genuine, whereby she was misled to her prejudice. There was evidence showing a ratification or adoption. (See 1 Am. Lea. Cas. 572–4; 7 Humph. 224; Story on Ag. § 160, 253–7; 17 Mass. 1, 33 ; 4 Esp. 226 ; Greenl. Ev. § 196.) Spenny misled plaintiff to her prejudice. (25 Mo. 386; 24 Mo. 223; 22 Mo. 85; 1 Smith L. C. 177; 1 Sto. Eq. § 384–7.) He is estopped to deny the genuineness of his signature, or to set up the defence of forgery. (See 2 Smith L. C. 531; Sto. Eq. 385; 1 Greenl. Ev. § 27, 207 ; 19 Mo. 204.) The question of fraud and ratification ought to have been submitted to the jury. The instructions given to the jury misled them. The statute of frauds has nothing to do with the case. (14 Mo. 482 ; 16 Mo. 273.) The court committed error in permitting defendants to introduce as evidence the fact that Norris was " a skillful penman ; that he could imitate almost exactly the signatures of others, and was capable of committing forgery so well that the person whose name was forged would be deceived by it." Also in refusing to permit plaintiff to show that the signatures of Brent and Keyser, sureties on said note, were genuine. Also in refusing to permit plaintiff to

exhibit to the jury the paper with the genuine signature of defendant Cope. (1 Greenl. Ev. § 581; 14 Mo. 166.)

*Adams, Stephens & Vest,* for defendants in error.

I. The refused instructions asked by the plaintiff were based upon the erroneous assumption of an estoppel *in pais*, when there was nothing in the case to warrant such a conclusion. To constitute such an estoppel, there must be, first, an admission inconsistent with the evidence proposed to be given on the claim offered to be set up; second, an action by the other party upon such admission; third, an injury to him by allowing such admission to be disproved. (See Dorrell v. Odell, 3 Hill, 219 ; Taylor & Mason v. Zepp, 14 Mo. 488 ; Pickard v. Sears, 6 Ad. & El. 469 ; Hearn v. Rogers, 9 Barn. & Cress. 577 ; Meriwether v. Lewis, 9 B. Monr. 177.) The note sued upon was the note of Norris alone, and the plaintiff must look to him for payment. There is no evidence that he is not able to pay it, and if there was, it could not be used to the prejudice of these defendants. As the names of Spenny and Cope are forgeries, this note, as to them, is a mere blank piece of paper ; and being the note of Norris, any promise by the defendants or either of them to pay Norris' note was within the statute of frauds, and therefore the instructions for the defendants were properly given. (Jones v. Walker, 13 B. Monr. 360 ; 3 Metc. 396.) The question before the jury was whether the names of Spenny and Cope were forgeries, and evidence was given tending to show that they were forgeries committed by Norris himself with such skill and so similar to the genuine signatures as to require the strictest scrutiny to detect them, and in this connection the evidence of Norris' skill in such matters was offered, and it was surely competent and the very best evidence that could be given. The paper containing Cope's signature, offered to the jury as a comparison, was properly excluded. . A party has no right to make his own selections of handwriting for comparison ; and in fact no writing can be exhibited for this purpose except such

as form a part of the case and are properly before the jury as original evidence. To allow a party to make his own selections would be unjust, as unfair specimens would always be selected. (1 Greenl. Ev. 649, and cases cited; 7 B. Monr. 270.)

SCOTT, Judge, delivered the opinion of the court.

This is a suit on a promissory note, and it is alleged that the defendant Cope and Weedon Spenny, the testator of the defendant, by their promissory note promised to pay the plaintiff the sum stated in the note. Stephens denies that his testator executed the note sued upon, and that it is or was his act. Cope denied that the note was his or that the plaintiff is entitled to judgment against him. A witness, who had seen Spenny and Cope write, was of the opinion that their signatures to the note was genuine. There was other testimony to the same effect. The note sued on was signed first by W. W. Norris, and after his name follow the names of others and of Cope and Spenny. Norris was a son-in-law of Spenny, and absconded some twelve months after the date of the note, which was payable twelve months after date, which was the 25th of October, 1856. The note was presented to Spenny by an agent of the plaintiff to know if his signature was genuine. Spenny remarked, after having examined it, that several notes had been presented to him which had his name signed to them, but that his name to such notes had been forged by W. W. Norris; that he did not like to speak of the forgeries committed by Norris, as it was a delicate subject, Norris being his son-in-law, having at different times married two of his daughters. He requested the agent not to be uneasy, or give himself any trouble about the note; that it is and was all right, and would be paid, and promised to pay his proportion of it. A witness, Dow, having expressed the opinion that the signature of Cope to the note was genuine, the plaintiff, in confirmation of his evidence, offered a paper in the possession of the witness, known to be signed by Cope, in order that the jury might compare the

signature to the paper with that to the note. This paper was excluded by the court. Evidence on the part of the defendants was given tending to show that the signatures of Spenny and Cope were well imitated, but that they were not genuine and had been forged by Norris. There was also given to the jury evidence showing that Norris was a skillful penman and could imitate exactly almost the signatures of others, and capable of committing forgery so well as to deceive even the person whose name was forged. The admission of this evidence was excepted to by the plaintiff. There was a verdict for the defendants.

All of the instructions will not be noticed, as they are numerous, and, from the state of the pleadings, could not legally affect the determination of the controversy. The only matter in issue was the execution of the note sued on by Cope and Spenny. There was no foundation in the pleadings for any other instruction than one relating to the execution of the instrument on which the suit was founded. There is no ground for an estoppel. If Spenny had assured a third person that his signature was genuine, and that person had paid value for the note in consideration of such assurance, there might be some room for the doctrine of estoppel.

Standing as the case did before the jury, the first instruction given by the court for the defendant was clearly erroneous. The instruction was to the effect that it devolved on the plaintiff to prove that the signatures of Cope and Spenny to the note were genuine. Now what idea did the court attach to the word "genuine?" Was it intended to signify that the names must have been written by the parties themselves and with their own hands, and that they could not by adoption make a signature of their name made by another their own act? If such was the design of the instruction, it was not the law. If such was not its purpose, then it is erroneous as tending to mislead the jury. It is competent to a person to make a note his own either by signing it with his own hand or by adopting the signing made by another in

his name, although without any previous authority. There was evidence before the jury from which they should have been left to determine whether Spenny did not adopt the act of Norris. Unless Spenny either signed the note himself, or made the authorized signature his own by adoption, it is clear that there is no foundation in the pleadings for a judgment against him, and therefore we do not see what the statute of frauds and perjuries has to do with the case.

We find the law, so far as we have been enabled to examine, against the admission of the evidence relative to the skill of Norris in imitating the handwriting of others and his capability of committing forgery. In the case of Balcetti v. Serane, Peake's N. P. 192, it was held that in an action against the acceptor of a bill of exchange, who defends himself on the ground of his acceptance being forged by another, evidence that that person forged the acceptor's name to another bill and absconded on that account is not admissible. The case of Rowt's adm'r v. Kile's adm'r, Gilmer, 202, would seem to intimate a contrary doctrine; but the subsequent case of Viney v. Barss, 1 Esp. N. P. 292, meets the point of distinction made in the case in Virginia, and holds that when a party defends a bill of exchange on the ground that his acceptance has been forged, it is not admissible evidence that the party who negotiated such bill had been guilty of other forgeries.

The evidence in relation to the comparison of handwriting was properly excluded, as the fact did not bring the case within the rule as stated by Greenleaf. (1 Greenl. Ev. 581.)

The other judges concurring, judgment reversed and remanded.