[No. 8669.   Department One.   May 20, 1910.]

## R. A. BUELL, *Respondent*, v. ABERDEEN STATE BANK, *Appellant*.[1]

BANKS AND BANKING—RECOVERY OF DEPOSIT—EVIDENCE—FORGERY —OTHER SIMILAR ACTS.  Upon an issue as to the forgery of a check paid by a bank, in an action by the customer to recover the deposit, it is error to permit a third person to testify that the bank had refused payment of another check purporting to be drawn by plaintiff in favor of the same payee which was also repudiated as a forgery.

SAME.  Upon such an issue, it is error to receive evidence that plaintiff had caused a warrant to issue for the arrest of the payee on the charge of forgery; also, to show that the defendant's officers refused to contribute to a sum to be offered as a reward for his arrest.

SAME.  Upon such an issue, it is error to admit evidence that the payee of the check had years before gone under an alias in Alaska, and could closely imitate the signature of the witness.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 4, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon contract.   Reversed.

*Boner & Boner*, for appellant.

*E. J. Adams* and *A. Emerson Cross*, for respondent.

[1]Reported in 108 Pac. 951.

MORRIS, J.—Respondent brought the action to recover the sum of $310, claimed by him as a deposit to his credit in the appellant bank, and which the bank refused to pay, denying that respondent was entitled to credit in such sum. Upon the trial, the determination of this issue depended upon whether a check for $310, dated March 10, 1909, purporting to be drawn by respondent to the order of N. L. Marois, and paid by the bank on presentation by Marois, was genuine or a forgery. It was respondent's contention that this check was not a genuine instrument, but had been forged by Marois, and upon this theory the jury returned a verdict in his favor, and the case is brought here upon numerous assignments of error. We will only refer to those we deem material and to be well taken.

F. P. Porter, a witness for respondent, was permitted, over objection, to testify that, on the 9th of March or a day or two thereafter, Marois presented a check to witness at his store; that the same was cashed and was deposited in the bank of Hayes & Hayes, and that payment of such check was refused; that some months thereafter witness had a conversation with Mr. Bradley, an officer of appellant, in which he says he understood the reason for the nonpayment of his check was that the $310 check was in dispute as a forgery. The Porter check was, like the one in question, purporting to be drawn by respondent to the order of Marois, and was also repudiated as a forgery. We think such evidence was incompetent, and its admission was error. The issue was the genuineness of the $310 check, and evidence that led the jury to believe that Marois had forged the Porter check was prejudicial, as by its admission the jury might argue that Marois, having forged the Porter check which was not an issue to be determined by them, had likewise forged the $310 check, and thus reached a determination upon an issuable matter based upon conclusions derived in a nonissuable matter. *State v. Gottfreedson*, 24 Wash. 398, 64 Pac. 523; *State v. Oppenheimer*, 41 Wash. 630, 84 Pac. 588.

Respondent was also permitted to testify that he caused a warrant to issue for Marois, in which he was charged with forgery. This was error, as it could prove nothing other than respondent's belief that Marois had committed the crime of forgery, and his desire to apprehend and punish him. If this check was forged by Marois, such fact must be established by competent proof, and respondent's belief in Marois' guilt was not proof of such a character. Mr. Bradley, one of appellant's officers, was interrogated, over objection, as to whether he had not refused to contribute to a sum to be offered as a reward for the arrest of Marois. This, we think, was incompetent. If the bank had made such a contribution, the fact might have been admissible as an admission or declaration on its part that the check was a forgery, but an attempt to show that respondent desired the bank to offer a reward and its refusal was not permissible for any purpose.

Another witness for respondent testified, over objection, that Marois was skillful in the imitation of signatures; that years before in Alaska, he went under an alias, and that he could imitate the witness' signature so closely that witness could not detect the real from the assumed. This, we believe, was error. The effect of such evidence would hedge in appellant with inferential and prejudicial circumstances, and would only seek to establish Marois' ability to successfully forge respondent's signature, were he disposed to do so. *Dow's Executor v. Spenny's Executor*, 29 Mo. 386.

Other testimony is complained of, to the effect that Marois, prior to the alleged forgery, spent money freely; that he spent his time in a manner objectionable to respondent, and when he left was indebted to respondent. We do not pass upon these alleged errors, as the record is not such as to entitle them to review.

The judgment is reversed, and cause remanded for a new trial.

Rudkin, C. J., Chadwick, and Gose, JJ., concur.