[No. 8607.   Department One.   June 18, 1910.]

STEVE O'BRIEN *et al.*, *Appellants*, v. W. S. McKELVEY *et al.*, *Respondents.*[1]

EJECTMENT—TITLE—PLEADING—ISSUES AND PROOF. In ejectment it is a good defense to plead title in another with right to possession as his agent and that plaintiff's deed is a forgery, under Rem. & Bal. Code, §§ 793, 794, providing that the defendant in ejectment may set up a legal or equitable defense, that the superior title shall prevail, and that he cannot give in evidence any estate in himself or another or license or right to possession unless pleaded.

EJECTMENT—PARTIES—SUBSTITUTION—PROOF OF TITLE. In ejectment a plaintiff suing the owner's agent in possession cannot complain because the agent did not have his rights protected by substituting the owner as party defendant, since plaintiff, under Rem. & Bal. Code, § 792, had the right to make the owner a party defendant.

EVIDENCE — HANDWRITING — OPINIONS—COMPARISONS—ADMISSIBILITY. Upon an issue as to whether a deed was a forgery, it was error, warranting the grant of a new trial, to exclude evidence of a witness who was familiar with the grantor's handwriting and had examined the disputed signature and believed that it was not genuine, and to exclude a proven signature for comparison by experts who had seen the forgery.

EJECTMENT—EVIDENCE—FORGERY—BURDEN OF PROOF. Upon an issue as to the forgery of a deed in plaintiff's chain of title, it is presumably in his possession, and the opposite party need not produce it or account for its loss in order to admit the evidence of experts who had compared it with proven signatures.

EVIDENCE—COMPARISON WITH LOST SIGNATURE. The fact that a disputed signature is lost does not exclude the testimony of an expert who had compared it with an admitted signature, especially where the opposite party was presumably in possession of the lost writing and did not account for its loss.

Appeal from an order of the superior court for King county, Tallman, J., entered September 27, 1909, granting a new trial, after a trial and judgment in favor of the plaintiffs, in an action of ejectment.   Affirmed.

*H. E. Foster*, for appellants.

*Tom Alderson*, for respondents.

[1] Reported in 109 Pac. 337.

Gose, J.—This is a suit for the recovery of the possession of certain lots in South Seattle, and for damages for their wrongful detention. The complaint alleges that the plaintiffs are husband and wife, that the defendants are husband and wife, that the plaintiffs are the owners of the property, and that the defendants, since May, 1908, have wrongfully withheld the possession from them, to their damage in the sum of $250. The separate answer of the defendant husband denies both the plaintiffs' ownership and the wrongful detention, and affirmatively alleges that one Frank Elsholtz is the owner of the property; that in October, 1907, Elsholtz was suffering with tuberculosis of the lungs, and desiring to leave Seattle for the state of California, constituted him, the said defendant, his sole agent, to care for and manage the property, and left it in his care and possession; that the plaintiffs deraign title through a deed purporting to have been executed by Elsholtz to one Lena Vosburg on January 7, 1908, but that Elsholtz did not execute or deliver the deed, and that his signature to the purported deed is a forgery. The defendant wife, for her separate answer, denied that she was in possession, and disclaimed having any interest in the property. The plaintiffs demurred to the affirmative matter in the answer of the defendant husband; the demurrer being overruled, issue was joined by a reply. At the close of the testimony, a judgment was entered in favor of the plaintiffs, adjudging them to be the owners of the property and awarding them damages. Thereafter, on motion of the defendants, a new trial was granted. The plaintiffs have appealed.

The appellants deraign title as follows: A deed from Rainier Investment Company to Frank Elsholtz of date May 25, 1903; a deed from Frank Elsholtz to Lena Vosburg of date January 7, 1908; a deed from Lena Vosburg to Eric Hostland of date January 24, 1908; a deed from Eric Hostland to William J. Dana of same date; a deed from William J. Dana to appellants of date May 6, 1908.

These several conveyances were shown by certified copies of the deeds. This, with parol testimony showing the possession of the respondents and the rental value of the property, constitutes the appellants' claim to a right of recovery. The respondents offered testimony tending to show that the notary who took the acknowledgment of Elsholtz to the purported deed to Vosburg was not acquainted with Elsholtz, but relied on the representation of the parties who appeared before him as to their identity, and that the respondent husband last saw Elsholtz on October 10, 1906, when the latter left his abstracts and papers with him, and gave him charge and possession of the property; that Elsholtz was then very sick with pulmonary consumption, and stated that he was going to the state of California; that he has not since seen him or heard of him; that Elsholtz promised to send money to pay taxes on the property, but did not do so; that he, the respondent, knew Elsholtz's signature, and that the respondents have since had charge of the property. After this testimony had been admitted and while the respondent husband was testifying, the respondents made the following offer:

"I offer to prove by this witness that he is familiar with the signature of Frank Elsholtz who is admitted to be on January 7, 1908, the record owner of the property in dispute; that he is familiar with his signature, and that on or about the 9th day of January, 1908, that this original deed, of which this instrument filed here purported to be a copy, was on file in the auditor's office, and this witness came up and brought this contract with him, and compared this signature of Frank Elsholtz, and analyzed and examined the signature of that deed and declared the signature to be a forgery; and that at that time Mr. George Meager, then working in the auditor's office, and Mr. Peterson at the same time compared this signature here with the signature on that original deed and declared it in their judgment, as familiar with handwriting and as handwriting experts, was not the same as the signature on this contract; and I offer to prove

that the signature on the contract is the original signature of Frank Elsholtz by this witness."

An objection to the admission of this testimony was sustained.

The appellants first contend that the court erred in overruling the demurrer to the new matter in the separate answer of the respondent husband. We cannot assent to this view. Rem. & Bal. Code, § 793, provides that, in suits of this character, the plaintiff shall set forth in his complaint the nature of his title to the property, and the defendant may set up a legal or equitable defense, and that the superior title shall prevail. Section 794 provides that "the defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer." In *Allen v. Higgins*, 9 Wash. 446, 37 Pac. 671, 43 Am. St. 847, and *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45, we held that evidence was not admissible to impeach or defeat the plaintiff's title in suits in ejectment, unless the facts were specially pleaded.

The appellants further urge that, if Elsholtz had title to the property which he desired to assert, he could have been substituted as a defendant in the action and had his rights protected, but that he cannot otherwise be considered. The appellants, under the provisions of Rem. & Bal. Code, § 792, had the option to make him a party defendant, but did not do so, and cannot complain. Moreover, as we have seen, under our statute the superior title prevails. It is obvious that the appellants have no title if Elsholtz's signature was forged to the deed, and that their action must fail.

The appellants state that the new trial was granted because the court had rejected the offered testimony. The evidence offered was clearly admissible, and the court was right in granting a new trial. Not only did the respondents offer to show that the witness was familiar with Elsholtz's handwriting, but the witness had testified to that fact. The effect of the

offer was to show that the witness was familiar with Elsholtz's handwriting; that he examined the signature to the original deed, and that it was not genuine; that the witness and two other persons compared the signature to the deed with the signature upon another paper which they offered to prove was Elsholtz's signature, and that the comparison convinced the parties that the signature to the deed was forged. It is the settled law in this state that a witness who has knowledge of the handwriting of another may testify as to his belief or his opinion as to the genuineness of his signature (*Poncin v. Furth*, 15 Wash. 201, 46 Pac. 241), and that handwriting, admitted or proved to be genuine, may be used as a standard for comparison with handwriting claimed to be spurious. *State v. Cottrell*, 56 Wash. 543, 106 Pac. 179. The original deed was presumably in the possession of the appellants. It is a part of their chain of title. When its integrity was assailed, it was their duty to produce it, if demanded, or account for its loss.

"Where the expert has made a comparative study before the trial and the *disputed writing is lost* when the trial occurs, the opponent is deprived of the fullest opportunity of cross-examination; but this should not in itself exclude the testimony, unless there is clear fault, in the party offering the expert, as to the loss." 3 Wigmore, Evidence, § 2012.

It is apparent that there was no duty on the respondents, either to produce the deed or to account for its absence. *Abbott v. Coleman*, 22 Kan. 250, 31 Am. Rep. 186, was a suit upon a promissory note. There was a plea of payment. Defendant, after proof that he had lost the receipt and that his attorney had examined it about a year before the trial, asked the attorney, a witness in the case, to examine the admitted signature of the indorsee of the note, which was in evidence, and state whether the receipt was signed by him. An objection was sustained to the question. This was held to be error. The court said the evidence, whilst weak, was admissible, and that an expert may compare a signature

which he has previously seen, but which is lost, with one which is admitted to be genuine. The same rule is announced in *Koons v. State*, 36 Ohio St. 195; *State v. Shinborn*, 46 N. H. 497, 88 Am. Dec. 224; *Hammond v. Wolf*, 78 Iowa 227, 42 N. W. 778, and *Grooms v. State*, 40 Tex. Cr. 319, 50 S. W. 370.

The respondents were entitled to prove and offer in evidence the signature of Elsholtz, and to have their experts, if they could qualify, give their opinion as to whether he had signed the deed, based upon a comparison of his proven signature with their recollection of the signature to the deed. The motion for a new trial was properly granted.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.