[No. 14926.  Department One.  December 28, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
PETER McGUFF, *Appellant.*[1]

FORGERY (4)—INFORMATION—DUPLICITY.  An information for forgery is not duplicitous in charging the forgery of a check with intent to defraud and of knowingly uttering the check with intent to defraud, as parts of one connected act continuous in point of time.

SAME (4).  An information charging that accused feloniously forged a check imports an intent to defraud.

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. An instruction as to forgery, putting a greater burden on the state than called for, is not prejudicial to defendant.

SAME (259-262)—TRIAL—INSTRUCTIONS—COMMENTS—ASSUMPTIONS. In a prosecution for forgery, an instruction to the jury, if they find that defendant passed the check with intent to defraud, will not be held as a comment upon or an assumption of the facts, where it could not have misled the jury, and the passing was not a matter in issue.

SAME (54)—FORMER JEOPARDY—IDENTITY OF OFFENSES — FORGERY OF DIFFERENT CHECKS—IDENTIFICATION BY WITNESS.  In a prosecution for forgery and altering one of two identical checks passed by the accused on the same day, the fact that the prosecuting witness, when on the stand, could not identify and state on which check the prosecution was based, does not operate as denial of the right to plead former jeopardy, where the check in suit had identifying marks, and the prosecuting attorney stated that the prosecution was based upon it.

SAME (159)—EVIDENCE (218)—COMPARISON OF HANDWRITING.  In a prosecution for forgery, a bank officer who had never seen the accused write or paid any of his checks, cannot give his opinion that the accused had written and signed the check, based upon a comparison of the handwriting with an unauthenticated bank identification card from the bank's filing system, containing the purported signature of the accused.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered March 26, 1917, upon a trial and conviction of forgery.  Reversed.

[1] Reported in 177 Pac. 316.

*Snively & Bounds* and *Charles F. Bolin,* for appellant.

*O. R. Schumann* and *J. Lenox Ward,* for respondent.

CHADWICK, J.—Appellant was put to trial upon a charge of forgery. The charging part of the information is as follows:

"That he, the said Peter McGuff, on the 13th day of December, 1916, did then and there feloniously forge a writing, on paper, the said writing on paper being then and there an instrument by which the title of personal property was evidenced, created, acknowledged and transferred, the same being a request for the payment of money of the tenor following:

" 'Counter Check.

"North Yakima, Wash., Dec. 13, 1916.    No. . . . .

"The Yakima National Bank—Pay to the order of Peter McGuff $15.00.

"Fifteen . . . . . . . . . . dollars.

"To the Yakima National Bank    98-23,
    "United States Depositary,
        "North Yakima, Wash.          A. Gordon.'

"And the said Peter McGuff did, then and there knowing said writing to be forged and fraudulent, utter the same as true to one John Diem, with the intent to defraud the said John Diem, the said A. Gordon, the said Yakima National Bank, and some other person or persons to the prosecuting attorney unknown."

I. The court instructed the jury that it should find appellant guilty if it found that he had forged the check with intent to defraud the prosecuting witness. It is complained that the information charged two crimes, that of forging and that of uttering, and that the information does not charge that the check was forged with intent to defraud.

The question of duplicity is met by *State v. McBride,* 72 Wash. 390, 130 Pac. 486, and will need no further discussion. The second objection is unavail-

ing, for the word "feloniously" imports an intent to defraud, or if it does not, the instruction puts a greater burden on the state than the information called for, and of this appellant cannot complain.

II. The court instructed the jury as follows:

"If you find from the evidence beyond a reasonable doubt all of the following alleged facts, viz., that in Yakima county, Washington, on or about the thirteenth day of December, 1916, the defendant, Peter McGuff, did utter and publish, that is, passed as true, 'Plaintiff's Exhibit A;' that said Exhibit 'A' was a request for the payment of money and that it was false and forged, that is, not signed by the person whose name it bears, nor with his authority, or consent, *and that the defendant at the time he passed the same knew it to be false or forged, and that in passing the same he intended to defraud John Diem,* mentioned in the information, you will find him guilty of the commission of the crime of forgery in the first degree, in the manner last charged in the information, that is, by uttering said Exhibit 'A.' "

The italicized part of the instruction is complained of as a comment on the evidence and as an assumption of fact which should have been left to the jury. We do not so read the instruction. While not punctuated in the usual way, the jury could not have misunderstood the spoken words of the court or have been led into the belief that they are to assume any of the matters referred to after the words "following alleged facts, viz.:" Furthermore, the passing of the check to the prosecuting witness was not made an issue, but was, on the contrary, testified to by one of appellant's witnesses.

III. Appellant gave two checks to the complaining witness on the same day, each for the same amount, or purporting to have been drawn by the same party upon the same bank. Each check was indorsed by

the appellant. One check was passed about 3 o'clock, and the other at about 5 o'clock. Each of these checks were introduced in evidence and marked, respectively, as "A" and "B." When on the stand the complaining witness could not tell upon which check the prosecution was relying to sustain the charge. Counsel maintain that the prosecution must therefore fail because of this uncertainty in the mind of the prosecuting witness, their contention being that, under the testimony, the jury may have convicted upon either the check "A" or the check "B," and if appellant were called upon to plead former jeopardy he would be met by an answer setting up the one or the other, at the will of the prosecuting attorney, and that this would operate in practice as a denial of the right to plead former jeopardy. But the prosecution does not have to depend upon the lay mind. It would not have been bound by the answer of the prosecuting witness, whatever his answer may have been. It is clear to us, as was stated by the prosecuting attorney at the trial, that the charge was founded upon Exhibit "A." It has certain distinguishing marks which are set out in the information. It follows that the appellant can claim no advantage because the prosecuting witness could not say which check had been described in the information.

IV. Mr. Chas. Heath, cashier of the bank upon which the checks were drawn, was called to identify the signature of the appellant. He had never seen appellant write his name, had never cashed a check for him, and had never examined an admitted or authenticated signature. The witness had brought with him from the bank a card taken from the card filing system of the bank containing the purported signature of Peter McGuff. Over objection, the witness was allowed to compare the signature upon the card with

the writing upon the check and to give his opinion that the appellant had written and signed the check, which is alleged to have been forged. Although the witness said that the tellers received all checks and paid out all moneys, and that no checks went through his hands, no officer or employee of the bank having any knowledge of the authenticity of the signature on the card was called as a witness. It has come to be a rule of quite universal application that an opinion as to handwriting may not be expressed where the opinion is based on a comparison, unless the standard of comparison is proven by direct and positive evidence. 3 Jones, Commentaries on Evidence, § 555; Chamberlayne, Modern Law of Evidence, §§ 2265-2268; 6 Ency. Evidence, 431.

Proof of handwriting by comparison was not tolerated at common law. While generally admitted in this generation under appropriate statutes or by judicial practice, no court, so far as we are advised, has ever admitted a standard of comparison except upon strict proof. It must be admitted or proved. *O'Brien v. McKelvey,* 59 Wash. 115, 109 Pac. 337; *State v. Cottrell,* 56 Wash. 543, 106 Pac. 179.

The prosecuting attorney undertakes to sustain the record upon the showing that the card was a part of the records of the bank, and that it is the custom of banks who have accounts to have their customers sign signature or identification cards. But this is not sufficient. Although it is a rule that a presumption of regularity attends things done in the regular course of business and according to the custom of trade, we know of no rule that would excuse the state, when engaged in the prosecution of a person charged with a crime, from the strict proof that is required in such cases. 6 Ency. Evidence, 432.

Counsel rely also on the rule that a knowledge of the handwriting of another may be shown by one who is familiar with it in the usual and ordinary course of trade or business or social relationships. This is settled in this state. *Poncin v. Furth,* 15 Wash. 201, 46 Pac. 241.

It is on this ground that clerks, cashiers, or other officers of banks at which a party has been accustomed to do business may be competent to prove his handwriting, although they have never seen him write. But the state has not brought its witness within any of these rules. Mr. Heath says that he never saw McGuff write his signature, and that he has never received or paid any of his checks. If Mr. Heath had testified as one having actual knowledge, or that he had received checks from time to time in the same handwriting and had paid out money thereon, that the signature had never been questioned or challenged, or that he had entered checks in the same handwriting in the books from time to time, and that the relations of the bank and its depositor had continued without challenge or interruption, he would have been a competent witness to testify to the genuineness of the signature. But the state contented itself with an identification by comparison, and the witness neither qualified himself as an expert nor as competent to establish the standard of comparison. So far as the record in this case goes, the cashier of the bank was as much a stranger to the transaction and to the handwriting of the appellant as any witness called to express an opinion upon the handwriting on the checks would have been.

V. Appellant contends that the testimony was insufficient to sustain the verdict. We have read the record and are quite convinced that the court com-

mitted no error in overruling a motion for a new trial upon that ground. It is true that appellant made out a case that would make it seem unlikely that he would commit the crime, but the credibility of his witnesses was for the jury.

Reversed and remanded for a new trial.

MAIN, C. J., MITCHELL, TOLMAN, and MACKINTOSH, JJ., concur.