[No. 26694. Department Two. December 27, 1937.]

JEAN TJOSEVIG, *Appellant*, v. JOHN DOE WILBOURNE et al., *Respondents.*[1]

*DuPuis & Ferguson,* for appellant.

*Ervin F. Dailey,* for respondents.

[1]Reported in 74 P. (2d) 489.

ROBINSON, J.—Mrs. Tjosevig was driving her automobile north on Fifteenth avenue N. W., Seattle, an arterial highway, and Mrs. Wilbourne was driving west on Market street. They collided in the intersection. No personal injuries resulted, but both cars were damaged. Mrs. Tjosevig sued the Wilbournes for $350, and they cross-complained against her for $800. The case was tried before the court. At the conclusion of the trial, Mrs. Tjosevig's complaint was dismissed, and judgment was entered against her in favor of the cross-complainants.

There were a number of charges of negligence on both sides, some of which were not supported by any evidence. When it became manifest during the trial that everyone agreed that Mrs. Wilbourne came to a full stop before entering the arterial, the issues were greatly simplified. As to Mrs. Wilbourne, the question became: Was she negligent in attempting to cross Fifteenth avenue in view of the fact that she saw Mrs. Tjosevig approaching a half block or more away? And as to Mrs. Tjosevig, the question became: Did she increase her speed as she neared, or came into, the intersection?

The trial judge's answer to these questions is expressed by the following conclusion of law, which is in accord with his previous finding of fact:

"That the proximate cause of the accident was the plaintiff's becoming confused and pressing upon the gas feed instead of the brake and thereby losing control of the automobile she was operating; that the defendants are entitled to recover upon their cross-complaint against the plaintiff in the sum of $250 and their costs and disbursements allowed by law and that the plaintiff's action should be dismissed and that she take nothing thereby."

The appellant makes a very plausible argument to the effect that the court was mistaken, accompanied

by various calculations based upon variable factors of time, speed, and distance. We have carefully considered these contentions and checked them with the oral evidence as reproduced in the statement of facts and with the two diagrams attached thereto as exhibits, and have come to the conclusion that the trial court's determination of the matter is supported by ample evidence.

Saxby, the only completely disinterested witness, that is, the only witness not a passenger in one car or the other, stood on the curb in front of his service station at the northeast corner of the intersection, where he had a full and unobstructed view of the whole transaction. He testified that Mrs. Tjosevig's car was the only car in sight on Fifteenth avenue at the time and was at least a half block away when Mrs. Wilbourne started to cross; that it appeared to him that Mrs. Wilbourne would have ample time to cross, and that, in his opinion, she would have safely done so had Mrs. Tjosevig not speeded up her car to forty miles or more as she approached, or came into, the intersection. Mrs. Tjosevig, while denying that she increased her speed, frankly testified that she did not use her brakes, but kept putting on the gas, and the testimony is undisputed that she traveled a long distance after the collision before bringing her car to a stop. Portions of her own evidence tend to support the court's conclusion.

. Mrs. Wilbourne testified that she called on Mrs. Tjosevig sometime after the accident, and that Mrs. Tjosevig admitted putting her foot on the gas just before the collision. Mrs. Tjosevig was called on rebuttal and testified concerning that conversation as follows:

"And we spoke about the accident and said how fortunate we were and she spoke about it, but I can-

not tell you what she said, only to this effect—she said, 'You stepped on the gas.' When she said, 'You stepped on the gas,' I didn't answer her."

Cross-examined as to this evidence, Mrs. Tjosevig testified as follows:

"Q. Why didn't you answer her? If you hadn't stepped on the gas you would have immediately said so, wouldn't you? A. Because I didn't care to discuss anything. I probably was stepping on the gas, but not to the extent of forty miles an hour. Q. Now, you say that you probably stepped on the gas. Don't you know whether you stepped on the gas? A. If it will satisfy you, I was stepping on the gas, but not to the extent of forty miles an hour. I never drove at forty miles an hour. Q. You admit that you were stepping on the gas? A. I admit that I was stepping on the gas, because I was moving, but not to the extent of forty miles an hour. Q. And you didn't apply your brake, did you? A. Not if I was moving, I didn't have my foot on the brake. . . . Q. Why did you step on the gas at all? A. Well, I felt that I had to move some way or another. . . ."

The appellant also makes the following assignment of error:

"The court erred in refusing to sustain the appellant's objection to certain conversations injecting improper, prejudicial, and immaterial matters into the evidence and into the record over the appellant's full and complete objection."

The alleged prejudicial matter relates to insurance. It appeared that Mrs. Tjosevig and Mrs. Wilbourne had a conversation immediately after the collision, and another later at Mrs. Tjosevig's home. In each of these conversations, insurance was mentioned, and, in offering evidence, it was not separated from other material parts of the conversation, and it all went in. There is considerable argument, especially with respect to the

first conversation, as to whether the remarks concerning insurance were not, after all, admissible as part of the *res gestae.*

The question is academic and need not be decided in this case. This was a trial by the court. The introduction of evidence that a defendant carried liability insurance, the fact being wholly immaterial, is sometimes held to be reversible error in a jury case, on the ground that its introduction is likely to prejudice the jury. But as far as we are advised, it has never been held, and we do not think that it is ever apt to be held, that the mere admission of such evidence is likely to prejudice the court. At all events, there is no reason whatever to think that it in any way affected the decision in this case.

The judgment appealed from is affirmed.

STEINERT, C. J., GERAGHTY, MILLARD, and BEALS, JJ., concur.