[No. 29089. Department One. October 9, 1943.]

THE STATE OF WASHINGTON, *Respondent,* v. D. D. KENNEDY, *Appellant.*[1]

[1]Reported in 142 P. (2d) 247.

*D. D. Kennedy, pro se.*

*Leslie R. Cooper, C. P. Brownlee,* and *Thomas G. McCrea,* for respondent.

GRADY, J.—February 3, 1943, an information was filed by the prosecuting attorney of Snohomish county charging D. D. Kennedy on seven counts with forgery in the first degree. A trial before the court and a jury resulted in a verdict of guilty on all counts. The defendant appeals from the judgment entered upon the verdict.

The assignments of error are that the trial court erred in denying motions of the appellant for the continuance of his trial and in denying his motion for a new trial.

On March 1, 1943, a motion of appellant for continuance of his trial was denied by the court, and the case was set for trial on March 16th, but without prejudice to its renewal before the trial. March 9th, appellant filed a motion for continuance of the trial of the case until the next jury term of court, which motion was supported by affidavit. The motion was presented to the court on March 13th, and, on that date, denied.

The basis for the motion for continuance, as set forth in the affidavit of appellant, is that he had not, after diligent and prompt efforts, been able to locate certain persons from whom he claimed he had received some of the checks

set out in the information, and whose signatures it was alleged he had forged, so that he might subpoena them as witnesses in his behalf. Also, that another person he desired as a witness was absent from the county and state, but appellant had been informed that he would return within less than two weeks or longer, depending on traveling facilities.

The record does not show the reasons given by the court for the denial of the motions at the time of hearing, but, when passing upon the motion of appellant for a new trial, the court observed that it had not been made to appear that the persons whose signatures were alleged to have been forged were ever in existence or ever would or could be found; that no subpoena had been placed in the hands of the sheriff for these witnesses; and that, as to the local person, it developed at the trial that any testimony he would be called upon to give would be immaterial.

We have decided many times that the granting or denial of a motion for the continuance of the trial of a case, whether it be civil or criminal, is within the discretion of the trial court, and this court will not disturb the exercise of that discretion unless it is made to appear that there has been either a failure to exercise it or an abuse of it. An examination of the record convinces us that the court properly denied the motions for continuance of the trial.

■ Under his assignment that the court erred in denying his motion for a new trial, the appellant presents a number of questions for decision: He urges that the court erred in giving one instruction and in refusing to give instructions proposed by him. But we cannot consider the assignment because appellant has not complied with Rule XVI, subd. 5, of this court, 193 Wash. 25-a, by setting out in his brief the instructions given and refused upon which he bases his claim of error. *State v. Severns, ante* p. 18, 141 P. (2d) 142, and cases therein cited. The rule, as it read when the appeal was taken, applied to instructions requested and not given as well as to those given. *Scott v. Pacific Power & Light Co.,* 178 Wash. 647, 35 P. (2d) 749; *State v.*

*Hussey,* 188 Wash. 454, 62 P. (2d) 1350; *Haney v. Cheatham,* 8 Wn. (2d) 310, 111 P. (2d) 1003.

The purpose of the foregoing rule requiring the instructions given or proposed and refused to be set forth in full in the opening brief of the appellant was to enable this court readily to understand assignments of error based upon an instruction and the argument thereon without having to resort to the statement of facts, and it must be observed.

 The appellant complains that, under five counts of the information, he was charged not only with forging the signatures of others with the intent to defraud, but also with uttering, offering, and disposing of forged instruments with a like intent, thus enabling him to be convicted of two separate offenses, and that, even though one may forge an instrument, unless it is uttered, offered, or disposed of, no crime has been committed. These claims overlook the fact that our statutes defining a forgery in the first degree (Rem. Rev. Stat., §§ 2583, 2584) cover both the act of forging with the intent to defraud and the uttering, offering, or disposing of an instrument that has been forged, and the rule is that, where the same crime may be committed in either of two ways, the acts constituting both may be charged in a single count, as, in so doing, the commission of but one crime is charged. *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Norgard,* 183 Wash. 208, 48 P. (2d) 618.

Appellant urges that the state failed to prove that the payee named in the check upon which count three was based was a fictitious person, or that he had an interest in the check, or was injured by the alleged forging of his signature, or that there was any intent on the part of the appellant to defraud the one to whom the check was endorsed and delivered, or that any money obtained thereon was not expended for the purpose for which it was received.

The record shows that the check was signed by the maker and made payable to the person named therein as payee at the request of the appellant. Later, the appellant endorsed the check by writing on the back of it his own name and

that of the payee, and delivered it. It further clearly appears that the payee was either a fictitious person or his signature was forged by the appellant. What we have said in another part of this opinion relative to the intent of appellant to defraud applies here and need not be repeated. The other claims made are without merit, because the gist of the offense involved here was the forging of the signature of the payee of the check, whether real or fictitious, with the intent to defraud or the uttering, offering, or disposing of a forged instrument with like intent.

Appellant contends there is no evidence in the record that the check upon which count six is based was ever offered or uttered by him. There was sufficient evidence submitted to the jury warranting a finding by it that all of the writing upon the check involved was placed thereon by the appellant—the names of the maker and the payee and the endorsement of the names of the payee and the appellant—and that the appellant tendered it to a store and, in return, received merchandise and cash. The jury could well conclude that the appellant was guilty of the charge set forth in count six of the information.

The appellant called the prosecuting attorney as a witness, and he sought to interrogate him as to other checks of similar import to those referred to in the information and which had been subsequently redeemed, his theory being that it would tend to negative any intent to defraud in the forging or uttering of those upon which the charges were based. The trial court sustained objections to such inquiry and rejected a check offered in evidence, which the appellant assigns as error. His argument is that, as such similar checks could be received in evidence to establish an intent to defraud under the rule announced in *State v. Brunn*, 149 Wash. 522, 271 Pac. 330, they should also be received to prove an absence of intent to defraud.

No authority is cited by appellant in support of his contention, and we have not found any. Evidence of the forging or uttering of checks by the accused, other than those referred to in the information, is admissible if they tend

to show a scheme, system, or course of conduct implying an intent on his part to defraud when he forged or uttered the checks which formed the basis of the crime charged. The fact that the other checks may have been redeemed by any one can have no bearing on what was the intent of the accused when he forged or uttered either them or those referred to in the information. There was no error in sustaining the objections to the questions propounded to the prosecuting attorney and in rejecting the offered check.

It is urged by appellant that witness Harold J. Anderson was not qualified as an expert on handwriting and that his testimony was not based upon an established standard of comparison, as required under the authority of *State v. McGuff,* 104 Wash. 501, 177 Pac. 316. Such authority is not applicable to the situation here presented. In that case, the witness, a bank cashier, compared the alleged forged signature with a card taken from the files of his bank, upon which the name of the accused appeared, without there being any proof that it was his signature or it being known to the witness that it was the signature of the accused. This court held that the card with the name of the accused thereon, no direct proof having been made that such was his genuine signature, did not furnish a legal standard of comparison with the signature alleged to have been forged by the accused. But, here, the situation was entirely different. The witness had before him the authentic signature of the appellant, which he used in making his comparison with other signatures alleged to have been forged by appellant, and thus was brought within the rule of the *McGuff* case.

The witness was examined and cross-examined at length as to his qualification as an expert on handwriting. The trial judge concluded that he was qualified and permitted him to testify as an expert. The question of whether a witness is qualified to testify as an expert is primarily for the court to determine. The weight, if any, to be given to the testimony is for the jury. In determining the question, the court is vested with wide discretion, and the appellate court

will not interfere with its exercise unless there is a clear abuse. *Traver v. Spokane Street R. Co.,* 25 Wash. 225, 65 Pac. 284; *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492; *Wilkins v. Knox,* 142 Wash. 571, 253 Pac. 797.

Our examination of the record brings us to the conclusion that the court did not err in its ruling as to the qualification of the witness.

■ The appellant contends that the court erred in permitting witness H. J. Anderson (the handwriting expert) to testify that the endorsement of the payee named in one of the checks was, in his opinion, made by the appellant, for the reason that, in the count involved, he was only charged with uttering, offering, and disposing of the check with the intent to defraud, and was not charged with forging the endorsement. But, in order to prove the charge, it had first to appear that the check was a false and forged instrument, and the fact that it was made to appear that it was an act of the appellant that made it such did not affect the admissibility of the evidence.

■ Finally, it is urged that the motion of the appellant for a directed verdict of not guilty on all counts of the information should have been granted, for the reason that there was no proof made as to any count of intent on his part to defraud. As an intent to defraud is a mental state, it is only in rare cases that there can be direct evidence of its existence at any given time or on any particular occasion. Generally, the evidence must be of a circumstantial character and the intent inferred from the acts and conduct of the accused. The record shows an overwhelming array of facts and circumstances undenied and unexplained by the appellant from which the jury was fully justified in concluding that the appellant committed the acts with which he was charged, and that he did so with an intent to defraud.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.

November 15, 1943. Petition for rehearing denied.