868

[No. 315-3.    Division Three.    December 6, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFFORD RAY DAVIS, *Appellant.*

*G. Wm. Baker* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

EVANS, J.—Defendant is charged with first-degree forgery committed (1) by forging the name of Marian A. Mutch in Yakima County, *or* (2) that he uttered a check in Yakima County, knowing it to be forged. Defendant appeals from his conviction and sentence based upon a general verdict of guilty to the crime of first-degree forgery.

On appeal, defendant does not challenge the sufficiency of the evidence to support the charge that he *uttered* the check in Yakima County. It is his contention there is insuf-

ficient evidence to support the charge that he *forged* the signature of Marian A. Mutch in Yakima County, and assigns error to the submission of an instruction to the jury on that charge. In support of this assigned error defendant relies upon the recent case of *State v. Golladay,* 78 Wn.2d 121, 138, 470 P.2d 191 (1970), where the court stated:

> [T]he rule sustaining an information which charges a crime to have been committed in two or more ways, cannot be employed to sustain a conviction, when the evidence is totally insufficient to warrant an instruction on one of the methods charged.

■ We cannot agree the evidence was insufficient to support the charge that defendant forged the signature of Marian A. Mutch on the check in question. Sergeant Thomas of the Yakima Police Department, who was permitted to testify as a handwriting expert, stated that in his opinion the signature on the check in question was not that of Marian A. Mutch. He was unable, however, to express an opinion as to whether the defendant wrote the check. He stated on cross-examination: "I only pointed out some similarity in that signature." The jury had the check before them, together with an exemplar of the signatures of both the defendant and Marian A. Mutch. As stated by the court in *State v. Haislip,* 77 Wn.2d 838, 841, 467 P.2d 284 (1970):

> The fact that the expert witness was unable to testify with any assurance that Haislip did or did not sign the checks in question is no reason that the jury could not independently make their own comparison.

■ As to defendant's contention there was no evidence the check was forged in Yakima County, the state concedes there was no direct evidence as to where the check was forged. It contends, however, that since there is evidence the defendant uttered the check in Yakima County it can be presumed he forged it in that county. As stated in H. Underhill, Criminal Evidence § 777, at 1784 (5th ed. P. Herrick, 1957):

> In general, the possession of forged instruments, or the uttering of them in the county where the indictment was

found, is strong evidence in law that the forgery was committed in the same county. There is a rebuttable presumption that the instrument was forged in the county where uttered and at the date on the instrument.

In the instant case there is substantial evidence from which the jury could find (1) that the signature on the check in question was forged by the defendant, (2) that he uttered the check in Yakima County, (3) that it was uttered on the date of the instrument. From these facts we hold there is a strong presumption constituting sufficient evidence to support a jury finding that defendant forged the instrument in Yakima County. *See State v. Douglas,* 312 Mo. 373, 278 S.W. 1016, 1022 (1925) and *Bafford v. Maryland,* 235 Md. 41, 200 A.2d 142 (1964); and we find no error in instructing the jury on that alternative theory.

Defendant next contends the trial court erred in permitting Sergeant William Thomas to testify as a handwriting expert. The record shows that Sergeant Thomas had been assigned to the check detail of the Yakima Police Department full time for 3 years, had studied handwriting for 10 years and had received on-the-job training. He had qualified and testified as a handwriting expert in prior superior court trials.

The qualification of an expert witness is a matter within the sound discretion of the trial court. *State v. Tatum,* 58 Wn.2d 73, 360 P.2d 754 (1961). That discretion will not be disturbed unless it is manifestly abused. *State v. Kennedy,* 19 Wn.2d 152, 142 P.2d 247 (1943). We find no abuse of discretion in the present instance.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.