IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78327-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICARDO LIARDO BRUNO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: August 5, 2019 |

HAZELRIGG-HERNANDEZ, J. — Judges must exercise discretion at resentencing, but it does not follow that a judge must impose a different sentence. On resentencing, Ricardo L. Bruno's exceptional sentence was again 55 months above the standard range. Bruno argues that the trial court failed to exercise discretion and asks us to remand for another resentencing hearing. But because the colloquy regarding the meaning of our prior opinion demonstrates careful consideration, we hold that the judge properly exercised discretion. Affirmed.

## FACTS

Ricardo Bruno was tried and convicted for second degree rape. The jury found that the offense was against a household member and was part of an ongoing pattern of psychological, physical, or sexual abuse of a victim manifested by multiple incidents over a prolonged period of time. That finding satisfied the aggravated domestic violence circumstance codified as RCW 9.94A.535(3)(h)(i).

At sentencing, in addition to the domestic violence aggravating circumstance found by the jury, the Honorable Bruce Heller considered two additional aggravating circumstances, namely that Bruno should have known that the victim was particularly vulnerable and that the victim was under the age of 18 and the crime was part of an ongoing pattern of sexual abuse. Judge Heller sentenced Bruno to 125 months confinement, the top of the standard range, and 55 additional months as an exceptional sentence, for a total of 180 months. Bruno appealed his sentence. This court reversed and remanded for resentencing because his offender score had been improperly calculated and Judge Heller had considered aggravating circumstances that had not been found by the jury.

Because Judge Heller had retired, the resentencing hearing was held before the Honorable Kristin Richardson. The state asked the judge to reimpose the same exceptional sentence of 180 months. Bruno asked the judge to consider the minimum of the standard range.

Judge Richardson engaged in a colloquy with the parties regarding the meaning of the opinion remanding the case for resentencing. She did not have a transcript of the previous sentencing hearing. Specifically, she noted that ongoing abuse manifested by multiple incidents over a prolonged period of time, which Judge Heller appeared to consider as a separate aggravating circumstance, used language comparable to an element of the aggravated domestic violence circumstance. Judge Richardson also acknowledged that the vulnerable victim circumstance considered by Judge Heller was not found by the jury.

Before pronouncing judgment, Judge Richardson noted that she had not heard the trial testimony, but she had access to the certification for probable cause, the jury instructions, the record on appeal, and our previous opinion. She listed the jury's findings of the crime of conviction, rape in the second degree, which in this case involved forcible compulsion, and the domestic violence aggravating circumstance, which in this case involved an ongoing pattern of psychological, physical, or sexual abuse of a family or household member, manifested by multiple incidents over a prolonged period of time. Judge Richardson correctly noted that those were the facts she could take into account when determining the sentence. She elaborated on some of the factual details, including the victim's age. She also noted that the sentencing range was lower because of the reduced offender score. Judge Richardson sentenced Bruno to 114 months, the top of the new standard range, and 55 more months as an exceptional sentence, for a total of 169 months. Bruno appeals.

## DISCUSSION

I.     The resentencing judge appropriately exercised discretion.

Bruno argues that Judge Richardson failed to exercise her discretion on resentencing. Failure to exercise discretion is an abuse of discretion subject to reversal. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); see State v. Kennedy, 19 Wn.2d 152, 154, 142 P.2d 247 (1943); see also Brunson v. Pierce County, 149 Wn. App. 855, 861, 205 P.3d 963 (2009).

Bruno argues that Judge Richardson committed multiple errors that lead to her giving inappropriate deference to Judge Heller's exceptional sentence. Bruno

argues that she failed to read the transcripts of the evidence produced at trial, believed Judge Heller correctly imposed the exceptional sentence, expressed confusion about our previous decision, and imposed a harsher exceptional sentence. We disagree.

Judge Richardson expressly stated at the hearing that she had access to the record from the previous appeal. A copy of that complete record was not filed with this appeal, but the transcript from the sentencing hearing held in April 2016 suggests there were at least 795 pages of transcribed proceedings in Bruno's first appeal. While Judge Richardson stated that she did not hear the testimony, at no point did she suggest that she failed to read the transcripts or familiarize herself with the facts produced at trial. Absent other evidence, we will not assume that a judge with access to the appropriate records failed to read them.

Neither does it appear that Judge Richardson was under the mistaken impression that Judge Heller's view of the aggravating circumstances was correct, nor that she was meaningfully confused about our prior decision. Judge Richardson engaged the parties in a colloquy regarding the meaning of our decision remanding the case for resentencing. Engaging in a colloquy with the parties and allowing each to be heard regarding the meaning of an appellate court decision is the most appropriate course of action for a trial court on remand. Judge Richardson twice acknowledged that the vulnerable victim aggravating circumstance was not found by the jury. Judge Richardson also noted that Judge Heller erroneously considered the ongoing pattern of sexual abuse of a minor

aggravating circumstance, RCW 9.94A.535(3)(g), separately from the domestic violence aggravating circumstance, RCW 9.94A.535(3)(h).

The only confusion that arose was because of the similarity in language between those provisions. RCW 9.94A.535(3)(g) reads: "The offense was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time." As provided to the jury in this case, the relevant parts of RCW 9.94A.535(3)(h) read "The current offense involved domestic violence, as defined in RCW 10.99.020 . . . . (i) The offense was part of an ongoing pattern of psychological, physical, or sexual abuse of a victim . . . manifested by multiple incidents over a prolonged period of time." The statutes use identical language to punish offenders who engage in ongoing patterns of abuse manifested by multiple incidents over a prolonged period of time. They vary in that RCW 9.94A.535(3)(h), the domestic violence aggravating circumstance, protects anyone in a household relationship with the offender from various forms of abuse and RCW 9.94A.535(g) protects any child from sexual abuse.

Judge Richardson's careful consideration of the language in each aggravating factor supports the conclusion that she exercised her discretion regarding the facts of the case and the appropriate sentence. After comparing the other aggravating circumstances, Judge Richardson concluded that she could only consider the domestic violence aggravating circumstance found by the jury. While Judge Richardson did mention the age of the victim as she listed the facts in more detail, the parent-child relationship and pattern of abuse over a prolonged period

of time were inherent in the domestic violence aggravating circumstance found by the jury. Judge Richardson was entitled to consider the facts that supported the domestic violence aggravator. It does not appear that she considered the victim's age separately, and we find no error.

Bruno argues that Judge Richardson imposed a harsher exceptional sentence on resentencing because 55 months is a larger percentage of 114 months than 125 months. But comparison with standard length sentences is inconsistent with substantial and compelling reasons that justify imposition of an exceptional sentence. State v. Ritchie, 126 Wn.2d 388, 397, 894 P.2d 1308 (1995). Because an exceptional sentence is determined by the discretion of the judge based on the reasons that justify the exceptional sentence, not based on the relationship to the standard range sentence, a 55 month exceptional sentence is not automatically harsher when applied to a 114 month standard range rather than a 120 month standard range. Here, because the 55 month exceptional sentence was based on the facts supporting the domestic violence aggravating circumstance, we find no error.

Finally, Bruno argues that this case should be assigned to a new judge on remand. Because we affirm the judgment of the trial court, we need not address that issue.

Affirmed.

WE CONCUR: